## UNITED STATES v. EVANS.
### No. 15137.

United States District Court
E. D. Tennessee, N. D.
May 3, 1951.

Otto T. Ault, U. S. Dist. Atty., Chattanooga, Tenn., James M. Meek, Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Wm. E. Badgett and Taylor & Badgett, all of Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant was indicted on seven counts, namely, possession of a still set up for production of illicit liquor, carrying on the business of an illicit distiller, carrying on such business with intent to defraud the United States of the liquor tax, working at an illicit distillery, fermenting mash at an illicit distillery, possessing illicit liquor, and concealing illicit liquor.

The jury acquitted the defendant of the charges contained in the first five counts and found him guilty of possession and concealment. The evidence of possession and concealment was found by a search of the defendant's dwelling house. At the trial, motion was made to suppress the evidence and return the seized property on the ground that the search was illegal. The claim of illegality was grounded upon the insufficiency of the affidavit on which the search warrant was issued. The mo-

tion was overruled and now the defendant moves for a new trial, assigning as error the refusal of the Court to sustain the motion and suppress the evidence.

The Court is of the opinion that the motion for a new trial should be granted. This conclusion is reached for the reason that the warrant does not meet the requirements of the Fourth Amendment and of Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The Fourth Amendment authorizes the issuance of a search warrant only upon probable cause, supported by oath or affirmation, and Rule 41 requires that the oath or affirmation be in the form of an affidavit.

In resisting the motion for a new trial, as in resisting the motion to suppress, the Government has taken the position that the action of the United States Commissioner in issuing the search warrant was in the exercise of a discretion vested in him and is not subject to a judicial review unless it appears that the Commissioner's judgment was arbitrarily exercised.

 Implicit in this position is an admission that the Commissioner's action is reviewable as to whether there was an arbitrary exercise of discretion. The Court has found as a fact that the action of the Commissioner was not arbitrary. This finding is to be interpreted as meaning that the Commissioner did not act in disregard of the evidence before him, and the Court agrees with the Government's position as to non-reviewability, but only as to the Commissioner's finding of facts, as set out in the warrant and supported by the affidavit. United States v. Ephraim, D. C., 8 F.2d 512. But whether those facts are sufficient to establish probable cause is a question of law, and the action of the Commissioner to that extent is reviewable. If from the facts stated in the affidavit probable cause does not appear, the issuance of a warrant thereon is, in legal contemplation, arbitrary. United States v. Lotempio, D. C., 58 F.2d 358.

 As the warrant is required to be issued only upon a writing and sworn to, that is, an affidavit, the sufficiency of the warrant as to the probable cause is to be determined solely with reference to the warrant and the supporting affidavit. Siden v. United States, 8 Cir., 9 F.2d 241; Kirvin v. United States, 2 Cir., 5 F.2d 282; Poldo v. United States, 9 Cir., 55 F.2d 866; United States v. Nichols, D. C., 89 F.Supp. 953. And the test is not whether the Commissioner found from the affidavit that probable cause existed, but whether from the facts recited in the affidavit a reasonably prudent individual would have found probable cause to believe that the place to be searched was being used for the commission of the crime named in the affidavit and in the warrant. Carney v. United States, 9 Cir., 163 F.2d 784, certiorari denied 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400; Aderhold v. United States, 5 Cir., 132 F.2d 858; Garhart v. United States, 10 Cir., 157 F.2d 777.

There is always the possibility that the Commissioner was given information other than that contained in the affidavit and that his finding of probable cause, either consciously or subconsciously, rested in part upon such information. But as such information was not under oath and in writing subscribed and sworn to, it does not conform to the requirements of the Constitution and of Rule 41, hence is not admissible in a review by the Court of the question of probable cause, any more than it was admissible before the Commissioner in the findings of probable cause for the issuance of the search warrant.

 In reviewing the action of the Commissioner in finding probable cause, the Court accordingly confines the inquiry to the four corners of the affidavit. The facts recited in the affidavit are as follows: "About 4:00 P.M. on January 9, 1951, an unregistered distillery was found about 250 yards to the rear of the Add Evans house. The mash was ready for distillation; and the still pot had recently been filled with mash to start distilling. Fresh footprints in the snow and mud were followed along a well defined trail from the distillery to the home of Add Evans, this trail being the only apparent means of access to the distillery."

The recited facts furnished the support for the affiant's reason, and the Commis-

sioner's reason, to believe that the defendant's dwelling was being used to conceal illicit liquor and distilling equipment and supplies. In the recited facts there is no support for probable cause to believe that in the dwelling house were being concealed distilling equipment and supplies. The recited facts suggest, rather, that the distilling equipment and supplies were at the still. The mash was made for distillation and the still pot was filled with mash to start distilling. Nothing was said about missing equipment or missing supplies. There is, accordingly, nothing upon which a reasonably prudent individual could base a finding of probable cause to believe that distilling equipment and supplies were being concealed in defendant's home.

The basis of probable cause as to concealment of illicit liquor in the home is almost, if not quite, as insubstantial as that with respect to equipment and supplies. There is no recitation that the still was located on defendant's land, or that it was located nearer to his house than to any other house, or that there were no other houses in the immediate vicinity, or that defendant had a reputation as an illicit distiller, or that he owned the still, or that he was seen at the still, or that he was known recently to have taken off a run of whiskey, or that he was a dealer in illicit whiskey, or that he had been seen taking illicit whiskey into his home, or that purchasers had been seen going into his home and coming out with purchases of illicit whiskey, or that the footprints in the snow were those of the defendant, or that the footprints had left the spore of illicit liquor, or that the footprints in the snow between a man's house and a passive still as a matter of general experience indicates the concealment of illicit liquor in the house, or that as a matter of custom moonshiners who locate stills where the only apparent means of access thereto are paths leading to the homes have whiskey concealed in their homes, or that footpaths on a well-defined trail have greater significance in the moonshine trade than footprints on a well-concealed trail.

The outstanding fact in the affidavit is that a still ready for operation was found near the defendant's home. The Court does not believe that a still close to a man's dwelling house is sufficient basis for a finding of probable cause to believe that the man has illicit whiskey concealed in the house. The Court is therefore of the opinion that the evidence obtained by the search should have been suppressed and that for the reason that the evidence was not suppressed the defendant is entitled to a new trial.

Let the necessary order be prepared.