## UNITED STATES v. TRUJILLO.

### No. 10393.

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1951.

Rehearing Denied Oct. 30, 1951.

George F. Callaghan, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., Warren P. Hill, Asst. U. S. Atty., Chicago, Ill. for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

Raymond Trujillo, appellant, seeks to reverse a judgment of the District Court for the Northern District of Illinois finding him guilty on an indictment charging him with the unlawful acquisition of marihuana, in violation of Sec. 2593 title 26 U.S.C.A. The case was tried by the court without a jury and the appellant was sentenced, on a general finding of guilty, to imprisonment for a year and a day. The appellant, before trial, challenged the sufficiency of an affidavit upon which a search warrant issued in the matter was predicated, and moved to quash the warrant and to suppress the evidence obtained in the execution thereof. The motion was overruled,

854

the evidence admitted, and the appellant, who offered no evidence on his own behalf, was found guilty.

The sole question presented on this appeal is whether the facts set forth in the affidavit for the search warrant were sufficient to justify the issuance of the warrant. If they were, the judgment of the District Court must be affirmed; if not, the judgment should be reversed.

The affidavit, executed by a narcotic agent of the government, is dated April 10, 1950. It states that affiant has reason to believe that on the premises known as 1649 West Warren Blvd., apartment 103 basement, Chicago, Illinois, in the Northern District of Illinois, there is now being concealed certain marihuana, for use and sale, by Ray Trujillo. The affidavit continues:

"And that the facts tending to establish the foregoing are as follows:

"That on April 6, 1950, this affiant entered the above described premises occupied by Ray Trujillo, and had a conversation with him regarding the possible purchase of marihuana; that Ray Trujillo said he didn't have any marihuana at the time, but that he had been dealing in it and that his source of supply was one Bernardo Morales who had been arrested by federal agents at Springfield, Illinois, recently; Ray Trujillo further said he couldn't sell to this affiant because he wasn't personally introduced to him."

■ Appellant urges that the affidavit is fatally defective because "it does not even contain an assertion that (the marihuana) * * * was not tax paid, or that the defendant had acquired the marihuana as a transferee without having paid the tax on the transfer." This contention cannot be sustained. The Marihuana Act of 1937 provides that possession of the drug is presumptive evidence of a statutory violation, 26 U.S.C.A. §§ 2593 and 2597.

■ In our opinion the affidavit on which the search warrant was based set forth facts which justified the conclusion that the laws relating to the possession of marihuana were being violated on the premises which it was sought to search.

Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. Rule 41(c), Federal Rules Criminal Procedure, 18 U.S.C.A.

The judgment of the District Court is affirmed.