**UNITED STATES of America,**
**Appellee,**

v.

**Rene RAMIREZ, Appellant.**

**No. 137, Docket 25611.**

United States Court of Appeals
Second Circuit.

Argued Dec. 3, 1959.

Decided June 7, 1960.

Max Fruchtman (Daniel H. Greenberg, New York City, of counsel), for appellant.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern District of New York (Stephen E. Kaufman, Gideon Cashman, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

Appellant was convicted on a one-count indictment charging possession of heroin in violation of 21 U.S.C.A. §§ 173, 174. The single question presented on this appeal is the propriety of Judge McGohey's order made at a hearing prior to trial denying appellant's motion brought under Rule 41(e) to suppress certain evidence.

The subject matter of the motion is 12 ounces, 111 grains of heroin that agents of the Narcotics and Customs Bureaus found in appellant's apartment.

Certain facts are undisputed. One Gabriel Ioanides, also known as George Ortiz, was a "special employee" of the Customs Bureau who had been an acquaintance of appellant for several years. Early in the morning of August 28, 1958 Ioanides was present with appellant in the latter's apartment. Appellant showed Ioanides a sizable quantity of white powder and stated that the powder was heroin. Later that day Ioanides took a small amount of the powder to agents of the Customs and Narcotics Bureaus. It was analyzed and found to be heroin. The following day Ioanides, as George Ortiz, signed an affidavit in the presence of a United States Commissioner. Solely on the basis of this affidavit the Commissioner issued a warrant for the search of appellant's apartment. In the afternoon of the same day, August 29, government agents, armed with the search warrant, entered appellant's apartment. There they found appellant, and after a search of approximately forty-five minutes the cache of heroin was discovered. It was for the possession of this quantity of heroin that appellant was thereafter indicted and convicted.

At the hearing on the motion to suppress Judge McGohey ruled that the affidavit did not afford sufficient basis for the Commissioner to find probable cause under the Supreme Court's recent decision in Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503. However, Judge McGohey went on to hold that the arresting officers were possessed of sufficient facts, albeit unrevealed to the Commissioner, to justify appellant's arrest upon probable cause. Judge McGohey then concluded that, an arrest without an arrest warrant being proper, the search which produced the cache of heroin also was proper as a lawful search incidental to a lawful arrest. Hence the motion to suppress was denied.

We affirm the denial of appellant's motion to suppress. We do so because we

are unanimous in concluding that the search warrant was in all respects valid.[1] Appellant does not contend that the warrant was irregularly issued, or that the premises to be searched were inadequately described. Nor does he contend that the property seized was insufficiently described or that it was an improper object for an officer's search. Appellant's sole objection to the warrant is that the affidavit of Ioanides, alias Ortiz, was insufficient for the Commissioner to determine probable cause therefrom.

Ioanides' affidavit is set out in full in the footnote.[2] Under Rule 41(c) of the Federal Rules of Criminal Procedure the Commissioner is to determine probable cause solely from affidavits sworn to before him. Therefore, the question we must determine is whether—given affiant's statement in this affidavit that two days previously, in appellant's apartment, he saw a quantity of white powder that he believed to be narcotics—this affidavit is sufficient to support the Commissioner's finding that there was probable cause to believe that property was there concealed in violation of federal law.

■ The classic statement of the law of probable cause relative to the issuance of search warrants is to be found in Dumbra v. United States, 1925, 268 U.S.

435, 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032, where the Supreme Court stated:

"In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched; and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant."

See also Shore v. United States, 1931, 60 App.D.C. 137, 49 F.2d 519, 521, certiorari denied 283 U.S. 865, 51 S.Ct. 656, 75 L. Ed. 1469; Id., 285 U.S. 552, 52 S.Ct. 408, 76 L.Ed. 942. By the very nature of the subject there cannot be a more particularized rule of law. The existence of probable cause, it is generally recognized, depends upon the facts and circumstances present in each particular case. "Decided cases are helpful only in declaring the general rule, and are persuasive only insofar as they present similar facts." Garhart v. United States, 10 Cir., 1946, 157 F.2d 777, 779; see also Clay v. United States, 5 Cir., 1957, 246 F.2d 298, 302,

---

1. Judge Clark and Judge Moore also conclude that the record adequately supports the findings of reasonable cause for arrest and that the arrest preceded the search. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Further they hold upon the authority of United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, that the search was justified as incident to the arrest upon probable cause. See also Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514.

2. "Affiadvit for Search Warrant
  "Before Frank R. Abbott, U. S. Courthouse, Foley Sq., New York, N. Y. The undersigned being duly sworn deposes and says:
  "That he (has reason to believe) that (on the premises known as) 819 Hunts

Point Avenue, Apt. 3E, Third Floor, in the Borough of the Bronx, City of New York, in the Southern District of New York, there is now being concealed certain property, namely a quantity of heroin which is being concealed in violation of Title 21, Sections 173 and 174, United States Code.
  "And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: On or about the 27th day of August, 1958, I was present in apartment 3E, Third Floor, of the premises 819 Hunts Point Avenue, in the Borough of the Bronx, City of New York, where I saw quantities of a white powder that I believe to be narcotics.
  "/s/ George Ortiz

  "Sworn to before me, and subscribed in my presence, August 29th, 1958
  "/s/ Frank R. Abbott
  United States Commissioner."

certiorari denied 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69.

■■ We have surveyed the cases in the federal courts, and we find none wherein a search warrant was held invalid because of an affidavit similar to the one before us. We think the District Court in holding the affidavit insufficient should not have relied upon Giordenello v. United States, 1958, 357 U.S. 480, 78 S. Ct. 1245, 2 L.Ed.2d 1503. The officer's affidavit in Giordenello merely recited that the person to be arrested had committed the series of statutory offenses enumerated in 21 U.S.C.A. § 174. Moreover, that affidavit contained no suggestion that the affiant officer's assertion was based upon his personal knowledge. We do not interpret Giordenello as announcing a new rule for appraising the sufficiency of affidavits in applications for either arrest or search warrants. Numerous prior cases have held that affidavits are insufficient which merely recite the affiant's belief that the property to be searched for has been used or is being used in the commission of a crime. Nathanson v. United States, 1933, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159; In re No. 32 East Sixty-Seventh Street, 2 Cir., 1938, 96 F.2d 153; Hagen v. United States, 9 Cir., 1925, 4 F.2d 801; cf. Byars v. United States, 1927, 273 U.S. 28, 29, 47 S.Ct. 248, 71 L.Ed. 520. Cases involving the validity of arrest warrants are to the same effect. Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 355–356, 51 S.Ct. 153, 75 L.Ed. 374; Rice v. Ames, 1901, 180 U.S. 371, 374, 21 S.Ct. 406, 45 L.Ed. 577. In addition, even affidavits which contain affirmations of fact may be insufficient if these affirmations are not within the affiant's personal knowledge. Baysden v. United States, 4 Cir., 1959, 271 F.2d 325; Rose v. United States, 8 Cir., 1930, 45 F.2d 459, 462–64; Davis v. United States, 5 Cir., 1929, 35 F.2d 957.

■ Jones v. United States, 362 U.S. 257, 267–272, 80 S.Ct. 725, 734–736, 4 L.Ed.2d 697 (March 28, 1960) has now established that an affidavit consisting primarily of hearsay information may be sufficient to support the issuance of a search warrant. However, the requirement that the affiant shall have personal knowledge still exists, for, under Jones, the affiant must not only believe the hearsay report, but, in all likelihood, the affiant must further demonstrate that his informant has established a reputation for reliability so as to be worthy of belief. In addition, Jones may require that the affidavit include some factual information independently corroborative of the hearsay report.

In any event, the affidavit in the present case possesses neither of the defects found in the Giordenello affidavit, i. e., a lack of affiant's personal knowledge of any facts, and a mere recitation of legal conclusions. Here Ioanides' affidavit stated that while he was personally on the premises he personally saw a quantity of white powder which he believed to be narcotics. We conclude that the Giordenello decision has no bearing on the affidavit before us.

There appear to be only two other categories of cases where affidavits have been held insufficient to support a finding of probable cause. First, the matters set out in the affidavit must not have occurred so long prior to the date of the affidavit as to make it doubtful that the property would continue to be upon the premises to be searched. Dandrea v. United States, 8 Cir., 1925, 7 F.2d 861; United States v. Nichols, D.C.W.D.Ark. 1950, 89 F.Supp. 953. These cases, of course, deal with intervals of time considerably greater than the two-day interval involved here. Second, an affidavit is insufficient if the affirmations of fact bear no logical relevance to the commission of a crime on the premises to be searched. United States v. Evans, D.C. E.D.Tenn.1951, 97 F.Supp. 95; cf. United States v. Office No. 508 Ricou-Brewster Bldg., D.C.W.D.La.1954, 119 F.Supp. 24. Clearly this problem is not present here.

On the other hand, in support of the result we reach we have discovered several cases where a search warrant has been upheld even though the statements of

fact in the affidavit were less indicative of the existence of objects of seizure on the premises to be searched than is the affidavit in the present case. In Evans v. United States, 6 Cir., 1957, 242 F.2d 534, certiorari denied 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137, the affidavit merely stated that there were 47 cases of non-tax-paid whiskey in the back bedroom of the defendant. The affiant, from all that appears in the opinion, gave no indication how he came to know that the cases were in the back bedroom, or how he came to know that the cases contained whiskey on which taxes had not been paid. In United States v. Trujillo, 7 Cir., 1951, 191 F.2d 853, the affidavit of the government agent stated that the lessee of the apartment to be searched admitted to having been a dealer in marijuana, but had indicated to affiant that now he had none to sell because his source had recently been arrested. See also Merritt v. United States, 6 Cir., 1957, 249 F.2d 19; Aderhold v. United States, 5 Cir., 1943, 132 F.2d 858; United States v. Lashomb, D.C.N.D.N.Y.1932, 59 F.2d 809; United States v. Joseph, D.C.E.D. Pa.1959, 174 F.Supp. 539; United States v. Lester, D.C.W.D.Pa.1957, 21 F.R.D. 376; United States v. Schwartz, D.C.W. D.Pa.1957, 151 F.Supp. 399.

In the view of the District Court the defect in the affidavit was the failure to include therein a statement explaining affiant's belief that the white powder was narcotics. Clearly the officers accompanying Ioanides to the Commissioner's office should have revealed to the Commissioner by affidavit the results of the chemical analysis of the powder Ioanides brought from appellant's apartment. However, it is also clear that in order for a search warrant to be valid the supporting affidavits need not contain all the information possessed by the officers seeking to obtain it. United States v. Bell, D.C.D.C.1955, 17 F.R.D. 13, 14. In close cases such as the present one the very fact that the Commissioner found probable cause is itself a substantial factor tending to uphold the validity of the warrant he issued. See Jones v. United States, 1960, 362 U.S. 257, 267, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697; Brandon v. United States, D.C.Cir.1959, 270 F. 2d 311, 316; Batten v. United States, 5 Cir., 1951, 188 F.2d 75, 77; Gracie v. United States, 1 Cir., 1926, 15 F.2d 644, 646, certiorari denied 273 U.S. 748, 47 S.Ct. 449, 71 L.Ed. 872. We conclude that Ioanides' affidavit was sufficient to preclude a judicial holding that the Commissioner abused his discretion in issuing the warrant based upon it.

Affirmed.