**UNITED STATES of America**
v.
**Leon J. LEWIS, Defendant.**
**No. 67 Cr. 2.**

United States District Court
S. D. New York.
June 16, 1967.

Robert M. Morgenthau, U. S. Atty. for S. D. of New York., by Stephen F. Williams, Asst. U. S. Atty., New York City, for the United States.

Herbert B. Greene, New York City, for defendant.

MANSFIELD, District Judge.

This is a motion to suppress evidence seized on two different occasions by officers of the United States Government and to dismiss the indictment. The first search was conducted pursuant to a warrant obtained on June 29, 1965 upon the affidavit of Deputy United States Marshal Ralph J. Machia. The second search, made without a warrant, took place shortly after defendant's arrest on December 15, 1966.

Defendant was indicted on January 3, 1967, for various offenses, some relating to the 1965 search and others to the 1966 search. With respect to those relating to the 1965 search, the indictment alleges that on or about June 29, 1965, at Apartment 3C, 12 West 132 Street, New York, defendant had an unregistered distillery (26 U.S.C. §§ 5179, 5601(a) (1)), was engaged in the business of a distiller without registering (26 U.S.C. §§ 5171(a), 5601(a) (2)) and without having given bond (26 U.S.C. §§ 5173(a), 5601(a) (4)), had a 20-gallon still in a dwelling house (26 U.S.C. §§ 5178(a) (1) (B), 5601(a) (6)), and made 59 gallons of mash on unauthorized premises (26 U.S.C. §§ 5178, 5601(a) (7)). The charges relating to the 1966 search allege that on or about December 15, 1966, at Apartment A, 1686 Park Avenue, New York, defendant committed basically the same offenses.

The threshold question is whether the defendant has standing to assert the invalidity of the two searches. To qualify as a "person aggrieved" under Rule 41, F.R.Crim.P., a defendant must show that his privacy has been invaded in some way by the alleged unlawful search. Invasion of someone else's privacy is insufficient, since the Fourth Amendment does not relate to the competency of evidence illegally seized from others. It may be invoked only by the person whose privacy is invaded. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

As a general rule, in order to establish standing to contest a search, a petitioner must show that he owned or possessed the seized property or that he had a possessory interest in or was present at the premises searched. An exception is made, however, where the effect of the rule would be to require a defendant to admit the alleged crime in order to establish his standing. An example is where possession of narcotics, standing alone, is sufficient to convict. In such event a defendant will not be forced to sacrifice his Fifth Amendment rights in order to assert those under the Fourth.

"The same element in this prosecution which has caused a dilemma, i. e., that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged." (Jones v. United States, 362 U.S. 257 at p. 263, 80 S.Ct. 725 at p. 732, 4 L.Ed.2d 697 (1959)(per Mr. Justice Frankfurter).

Where possession constitutes but one of the elements of a crime, however, the defendant must still show that he has standing to attack seizure, even though his admission of possession might tend to incriminate him at his trial. United States v. Konigsberg, 336 F.2d 844 (3d Cir.), cert. denied, 379 U.S. 933, 85 S.Ct. 334, 13 L.Ed.2d 344 (1964);

United States v. Wood, 270 F.Supp. 963 (S.D.N.Y.1967); United States v. Romano, 203 F.Supp. 27 (D.Conn.1962).[1]

Applying these principles here it appears that the defendant falls within the exception and is entitled to standing without showing possession of the alleged still seized by the Government, since an admission of possession, standing alone, would be sufficient to authorize a conviction under Count 1 (charging possession of an unregistered still in violation of 26 U.S.C. § 5601(a)(1)). The requirement that the Government prove lack of registration is essentially a technical one being a matter of easily available record, and the essence of the offense lies in the question of possession. We, therefore, conclude that the defendant has standing to challenge the search without offering his proof in the interest of the seized goods.

 Turning to the 1965 search we are limited to consideration of the affidavit of Deputy Marshal Machia, dated June 29, 1965 in determining whether the warrant was issued on probable cause. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). That affidavit, although skimpy, appears to present a legally sufficient showing of probable cause.[2] See United States v. Ramirez, 279 F.2d 712 (2d Cir.), cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960). The Commis-

sioner's finding of probable cause, representing the determination of an experienced, neutral and detached judicial officer, is itself entitled to substantial weight. United States v. Ramirez, supra; United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2d Cir. June 15, 1967, Appeal No. 459, Slip Sheet p. 2493, at 2505); Conti v. Morgenthau, 232 F.Supp. 1004, 1006, (S.D.N.Y.1964), affd., United States v. Conti, 361 F.2d 153 (2d Cir. 1966)(appeal pending). Although we are guided by the general standards of the Fourth Amendment and must give weight to the Commissioner's finding of probable cause, it is equally clear that upon review the resolution of the question of whether a substantial basis was shown to exist in a given case must depend heavily upon the nature and extent of the information revealed in the particular affidavit on which the commissioner acted in that case rather than upon such general principles. See United States ex rel. Rogers v. Warden of Attica State Prison, supra, No. 459 at pp. 2505–2510.

 Turning to the affidavit here, although the deputy marshal's statement to the effect that the defendant was "known to have been convicted for a previous alcohol violation" and that the deputy had "received information" that the defendant was residing in the apartment to be searched, were not legally excludable as hearsay by the Com-

---

1. There appears to be no valid reason, however, why a defendant should not be permitted to admit possession or ownership solely for the purpose at hand, on the understanding that upon trial of the charges the court would not receive such admissions in evidence against him. The situation is no different from that where a defendant, in seeking a reduction in bail, may be required as a practical matter to admit his prior convictions, the nature and extent of his connection with the illegal activities alleged, and other incriminating facts, but such admissions are not accepted as evidence against him at trial, since such a procedure would be most unfair.

2. The entire affidavit reads:
"On June 28, 1965, at approximately 7:30 P.M., Deputy U. S. Marshal Robert

Milani and myself proceeded to the premises located at 12 West 132nd Street, New York City, for the purpose of effecting the arrest of one Leon J. Lewis, a/k/a, Leon Johnson, and Frank Nixon, pursuant to a parole violation arrest warrant dated May 13, 1965.

"Having received information that Leon J. Lewis, who is known to have been convicted for a previous alcohol violation, was residing at Apartment 3C, the right rear apartment on the third floor at the aforesaid address, we knocked at the door of Apartment 3C. Upon doing so, we detected a strong mash or alcohol odor emanating from cracks in and around the door. We detected this same odor repeatedly during the 45 minutes following our initial attempt to enter the apartment."

missioner, Aquilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948); see Jones v. United States, supra, 362 U.S. at pp. 270–271, 80 S.Ct. 725, little weight could be attached to these hearsay statements in the absence of "underlying circumstances" indicating their reliability. However, the deputy marshal's further sworn statement that he and his fellow deputy for 45 minutes detected a strong mash or alcohol odor emanating from cracks in and about the door of Apartment 3C, when coupled with the aforementioned hearsay, constituted sufficient evidence for a finding of probable cause. Although an odor, in and of itself, does not justify a search without a warrant, Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932), the detection of odors may be sufficient for the issuance of a warrant. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). It would be a more desirable procedure, of course, for a commissioner, before issuing a warrant on the basis of such evidence, to require proof of the affiant's qualification to recognize the odor. It must be borne in mind, however, that such affidavits are usually prepared under considerable time pressure, which requires that they be interpreted in a practical, common sense manner rather than by hindsight application of technical requirements that would only have the effect of discouraging efforts on the part of law enforcement officers to obtain warrants. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). In a case remarkably close to the present one, United States v. Ramirez, supra, the Second Circuit Court of Appeals upheld a warrant issued in a narcotics investigation on the basis of an affidavit of an individual stating that upon a prior visit to the apartment for which a search warrant was sought "I saw quantities of a white powder that I believe to be narcotics," even though the affiant did not set forth

his qualifications to recognize the powder as narcotics, or any grounds for his belief. Nothing in the recent decision of United States ex rel. Rogers v. Warden of Attica State Prison, supra (2d Cir.), indicates an intent to overrule *Ramirez,* which appears to control the situation here.

■ Turning to the December 15, 1966 search of the premises at Apartment A, 1686 Park Avenue, New York, N. Y., and seizure of property located there, the moving papers set forth sufficient facts to warrant a hearing which will be held on June 23, 1967, at 2:00 P.M.

■ To the extent that it is based on alleged unlawful searches and seizures, the defendant's remedy lies in a motion to suppress, which has already been denied as to the 1965 seizures and will be the subject of a hearing with respect to the 1966 seizures. No other valid ground for dismissal is indicated. The December 15, 1966 arrest was made pursuant to a warrant based on defendant's violation of parole, entitling the Attorney General to assume custody of the defendant immediately for purposes of requiring him to serve his unexpired term of imprisonment without arraignment before a commissioner. Title 18 U.S.C. § 4205. Upon his arrest on December 19, 1966, upon the charges that led to the indictment in the present case, the defendant was immediately arraigned before a commissioner. Since Rule 41 (f), F.R.Crim.P., fixes no time limit for the filing of search warrants and related papers with the Clerk of the Court, the 9-month delay in filing such papers with respect to the 1965 search did not violate the defendant's rights or cause him any prejudice or denial of due process. In view of the fact that an indictment was filed on January 3, 1967, the failure to hold a preliminary hearing or to file a complaint forthwith on the defendant's earlier arrest did not entitle him to dismissal, this Court (per Bonsal, J.) having found that there was no evidence that the adjournment of the preliminary hear-

ing was "part of an oppressive design for delay" (Mem. Dec. April 11, 1967). United States v. Heap, 345 F.2d 170 (2d Cir. 1965). Likewise in the absence of any showing of prejudice the fact that legal counsel was not assigned to represent the defendant until January 4, 1967, when he was arraigned, provides no basis for dismissal.

So ordered.