UNITED STATES of America,
Appellee,

v.

Leon J. LEWIS, Appellant.

No. 288, Docket 31754.

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1968.

Decided April 3, 1968.

Roger J. Hawke, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., and Pierre N. Leval, Asst. U. S. Atty., for the Southern Dist. of New York, on the brief), for appellee.

H. Elliot Wales, New York City, for appellant.

Before LUMBARD, Chief Judge, WATERMAN and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge:

Leon Lewis appeals from a judgment of conviction on one count of an eleven count indictment: possession, custody and control of an unregistered still in violation of 26 U.S.C. §§ 5179(a), 5601 (a) (1). Prior to trial Judge Mansfield denied a motion to suppress evidence based upon the contention that the warrant which was obtained for the search of the premises upon which the still was found was not supported by sufficient affidavits to establish probable cause. 270 F.Supp. 807 (S.D.N.Y.1967). We find no error in the denial of the motion to suppress and the admission of the evidence at trial and affirm the conviction.

Deputy Marshal Machia's affidavit, whose legal sufficiency Lewis contests,

stated that on June 28, 1965, he and Deputy Marshal Milani went to Apartment 3C, 12 West 132d Street, for the purpose of arresting Leon Lewis for a parole violation.[1] They knocked on the door of the apartment but received no answer. They detected "a strong mash or alcohol odor" emanating from the cracks in and around the door while they were knocking, and for a 45 minute period following their attempt to enter the apartment. The affidavit also states that "Leon J. Lewis, a/k/a Leon Johnson * * * is known to have been convicted for a previous alcohol violation * * *."[2]

On the basis of this affidavit United States Commissioner Earle Bishopp issued a search warrant directed to the United States Marshal for the Southern District of New York. On the following day, June 29, three deputy United States Marshals went to the apartment to execute the warrant accompanied by Murray Ike, an agent of the Alcohol and Tax Division of the Treasury Department. No one answered the door when they knocked. Ike testified at the trial that a strong odor of alcohol was coming from the apartment. The marshals broke into the apartment, searched the premises and seized mash containers, a still and other implements used in the distillation of spirits.

We find that the affidavit of Deputy Marshal Machia provided a sufficient recital of the circumstances to

1. The entire affidavit read:

On June 28, 1965, at approximately 7:30 P.M., Deputy U. S. Marshal Robert Milani and myself proceeded to the premises located at 12 West 132d Street, New York City, for the purpose of effecting the arrest of one Leon J. Lewis, a/k/a Leon Johnson, and Frank Nixon, pursuant to a parole violation arrest warrant dated May 13, 1965.

Having received information that Leon J. Lewis, who is known to have been convicted for a previous alcohol violation, was residing at Apartment 3C, the right rear apartment on the third floor at the aforesaid address, we knocked at the door of Apartment 3C. Upon doing so, we detected a strong mash or alcohol

odor emanating from cracks in and around the door. We detected this same odor repeatedly during the 45 minutes following our initial attempt to enter the apartment.

/s/ RALPH J. MACHIA
Ralph J. Machia
Deputy U. S. Marshal, S.D.N.Y.

2. The marshals knew that Lewis had been convicted of an alcohol violation because the warrant for violation of parole which they were attempting to execute recited that Lewis had been sentenced by the District Court for the Southern District of New York to 1 to 3 years for the crime of possession of non-taxpaid distilled spirits.

give the Commissioner a proper basis for finding probable cause to believe that the law was being violated on the premises and was sufficient to support issuance of the search warrant. While an odor by itself does not justify a search without a warrant, Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932), sufficient probable cause for issuance of a search warrant is shown when a sufficiently qualified person smells the distinctive odor of a forbidden substance emanating from the premises of a person previously convicted of an alcohol violation. Johnson v. United States, 333 U.S. 10, 13–15, 68 S.Ct. 367, 92 L.Ed. 436 (1948) (dictum); United States v. Kaplan, 89 F.2d 869, 871 (2d Cir. 1937) (dictum).

■ Lewis argues that the affidavit does not support the warrant because it fails to state the Deputy Marshal's qualifications to recognize the odor of mash or alcohol. However, all that is necessary is that the affidavit set forth sufficient facts so that the Commissioner might make an independent assessment of the probability that the law was being violated on the premises to be searched. Giordenello v. United States, 357 U.S. 480, 486–487, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); United States v. Freeman, 358 F.2d 459, 462 (2d Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966).

> Affidavits for search warrants * * must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion * * * Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

■ To promote neutral and objective determination of the necessity to invade people's privacy, law enforcement officials should be encouraged to seek warrants. See Chapman v. United States, 365 U.S. 610, 613–616, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961). One of the best ways to foster increased use of warrants is to give law enforcement officials the assurance that when a warrant is obtained in a close case, its validity will be upheld. United States v. Ventresca, 380 U.S. at 108–109, 85 S.Ct. 741, 13 L.Ed.2d 684; United States v. Desist, 384 F.2d 889, 895–897 (2d Cir. 1967), cert. granted, 390 U.S. 943, 88 S.Ct. 1030, 19 L.Ed. 2d 1131 (1968); United States v. Freeman, supra. See Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

■ The statements in Deputy Marshal Machia's affidavit that Lewis was known to have been convicted for a previous alcohol violation and that he was residing at the apartment corroborate and support his conclusion that the odor emanating from around the door of the apartment was that of alcohol or mash. These statements also constitute additional underlying circumstances tending to support the finding of probable cause that an alcohol violation was occurring on the premises. They should not be excluded from consideration by the Commissioner merely because they are hearsay. Aguilar v. State of Texas, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Brinegar v. United States, 338 U.S. 160, 171–175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948). The Commissioner considering the affidavit would know that the statement about Lewis' previous alcohol violation was derived from the parole warrant which the Marshals had attempted to execute, since a parole violation warrant states on its face the crime for which the parolee was sentenced. The Commissioner would undoubtedly consider the statement that Lewis was residing in the apartment to have originated from a source which the affiant considered reliable, since the marshals had attempted to execute the arrest warrant at the apartment.

In this case, the decision of the Commissioner to issue the warrant is itself an important factor tending to support the persuasiveness of the affidavit as to the existence of probable cause. United States v. Ramirez, 279 F.2d 712 (2d Cir.), cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960); Conti v. Morgenthau, 232 F.Supp. 1004, 1006, n. 1, aff'd, sub nom., United States v. Conti, 361 F.2d 153 (2d Cir. 1966), vacated on other grounds, Stone v. United States, 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968). The experienced Commissioner who issued the warrant was in a position to determine from his personal knowledge of the affiant, a Deputy U. S. Marshal, and the nature of his work, the qualifications of the Deputy Marshal to distinguish the odor of alcohol or mash from that of other substances. The marshal and his deputies necessarily appear before the Commissioner frequently in the course of their work, and from his supervisory function over their execution of process a Commissioner would know whether a Deputy Marshal whose job includes execution of warrants such as the search warrant in this case would acquire whatever experience is necessary to recognize the smell of alcohol or mash. Under these circumstances, we cannot say that the Commissioner's assessment that the affidavit showed probable cause was incorrect. We affirm the denial of the motion to suppress and find no error in introduction at trial of evidence obtained during the search of the apartment.

Lewis' second contention is that even if the search is legal, there was insufficient evidence to warrant a conviction for possession, custody and control of an unregistered still. This contention is frivolous. Agent Ike found in the apartment a 20 gallon pot still, a five gallon condenser, and containers in which 59 gallons of mash were fermenting.

The landlord of the building testified that defendant Lewis was the man who rented apartment 3C under the name Leon Johnson. His testimony was corroborated by a utility service deposit in the name of Leon J. Johnson and by a rent receipt found in the apartment during the search which bore the name Leon J. Johnson, which receipt the defense placed in evidence. On this record there was abundant proof for the jury to conclude that the still was in Lewis' possession, custody and control.