**John W. CASH, II, Petitioner-Appellant,**

**v.**

**Fleming WILLIAMS, Sheriff of Williamson County, Tennessee, etc., Respondent-Appellee.**

**No. 71–1456.**

United States Court of Appeals, Sixth Circuit.

Feb. 18, 1972.

---

1. De Luna v. United States, 308 F.2d 140 (5th Cir. 1962).

Charles A. Trost, Columbia, Tenn. (Court appointed), for petitioner-appellant; Courtney, Trost, Leech & Hardin, Columbia, Tenn., of counsel.

Bart C. Durham, III, Nashville, Tenn., for respondent-appellee; Bart Durham, Asst. Atty. Gen., Nashville, Tenn., on brief; David M. Pack, Atty. Gen., of counsel.

Before EDWARDS, PECK and KENT, Circuit Judges.

PECK, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Tennessee, denying habeas corpus relief sought by the appellant, a career soldier in the United States Army.

On the weekend of his arrest, the appellant lent his automobile to his brother-in-law, Argoe Sharperson. Shortly after midnight, Sharperson was stopped by a Williamson County, Tennessee, Deputy Sheriff and charged with reckless driving and driving without a license. Because Sharperson could not produce title registration papers, the arresting officer ran a registration check which verified Sharperson's statement that the automobile belonged to John Cash, II, the appellant.

A wrecker operator, Mr. Rainey, was summoned to the scene, and was instructed to lock the automobile in his garage and not to release it to the owner without police authorization because the officer wished to apprehend its owner for permitting an unlicensed driver to operate the vehicle. Early the following morning, Mr. Rainey went to his garage and began searching through the automobile for the purpose of finding evidence of ownership, that he might know whom to bill for the towing charges. While seated in the car, he saw a brown paper bag under the right front seat. He opened the bag and found that it contained a quantity of a brownish grassy substance which he was unable to identify. Rainey looked further and found more of the same substance in the pockets of an army field jacket belonging to the appellant.

Rainey returned the items to the auto and summoned the deputy sheriff from his office next door, who was also unable to positively identify the grassy substance. Shortly thereafter, at the request of the deputy sheriff, an agent of the Tennessee Bureau of Investigation arrived at Rainey's garage and confirmed that the paper bag and the field jacket contained marijuana. A further extensive search of the car was then made by the deputy and the agent which uncovered additional marijuana. At no time was a warrant obtained authorizing the search of the automobile.

When the appellant arrived at the sheriff's office to see about Sharperson and his automobile, he was arrested and charged with allowing an unlicensed driver to operate a motor vehicle and with possession of marijuana. At appellant's trial before a jury in the Circuit Court of Williamson County at Franklin, Tennessee, timely objections were made to the introduction of the marijuana into evidence. These objections were overruled, and the jury found appellant guilty,[1] fined him $500.00 and sentenced him to be confined in the state penitentiary for a period of not less than two nor more than five years, the statutory maximum for this offense.

The appellant perfected an appeal to the Tennessee Court of Criminal Appeals which upheld his conviction. Certiorari was denied without opinion by both the Supreme Court of Tennessee and the Supreme Court of the United States, Cash v. Tennessee, 400 U.S. 995, 91 S.Ct. 467, 27 L.Ed.2d 443 (1971). The appellant then petitioned the District Court for a writ of habeas corpus, which was denied, and this appeal followed.

The appellant's principal contention is that his fourth and fourteenth amendment rights were violated by the introduction into evidence of the marijuana which was discovered in his automobile, thereby creating a threshold issue. The state contends that appellant is without standing to challenge the search on the ground that he disclaimed any interest in the articles seized.

We cannot agree with this contention. In order to establish standing to contest a search, a defendant must show that he owned or possessed the seized property *or* that he had a possessory interest in or was present at the premises searched. An additional con-

---

1. The appellant was tried as a codefendant with Sharperson, who was also con- victed, but he has not perfected an appeal from the conviction.

sideration arises from the fact that when the crime charged is one of possession, a defendant will not be forced to sacrifice his fifth amendment rights in order to assert his fourth amendment rights. Jones v. United States, 362 U.S. 257, 263–264, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). See also: Glisson v. United States, 406 F.2d 423, 427 (5th Cir. 1969); Weed v. United States, 340 F.2d 827, 829 (10th Cir. 1965); United States v. Eldridge, 302 F.2d 463, 464–465 (4th Cir. 1962); United States v. Lewis, 270 F.Supp. 807, 809 (S.D.N.Y. 1967), aff'd, 392 F.2d 377 (2d Cir. 1968). We conclude that appellant's ownership of the automobile conferred standing upon him to challenge the validity of the search and the admissibility of the evidence seized.

The appellant contends that the search was invalid because (1) it was made by a private individual acting as a "defacto agent" of the police authorities and (2) it was continued and completed by state police officers who failed to obtain a warrant. The state's position is that the search was valid and that the evidence seized from the appellant's automobile was admissible at trial because (1) the search was conducted by a private individual, and not by a state officer and (2) a warrantless search of an automobile at a police station is not unreasonable.

The appellant's contention that Rainey, the wrecker operator, was acting as an agent of the police rests upon the instructions from the arresting officer to keep the automobile in his garage and not to release it without police approval, and upon the fact that Rainey enjoyed a preferred position in respect to calls from the sheriff's office for towing jobs. It was shown that the practice of the sheriff's office was to call Rainey first, and only to call other operators if he could not take the job. The District Court found that these facts did not establish an agency linking Mr. Rainey with law enforcement officials on any level of government. (Compare: Machlan v. State, 248 Ind. 218, 225 N.E.2d 762 (1967), People v. Fierro, 236 Cal. App.2d 344, 46 Cal.Rptr. 132 (1965).) We cannot say that this finding is clearly erroneous, and we will not disturb this conclusion.

Had the evidence admitted at trial been the product of Rainey's search only, it would have been admissible because a search by a private citizen not acting in concert with or at the direction of the police is not a violation of the fourth amendment's prohibition of unreasonable searches. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), United States v. Winbush, 428 F.2d 357, 359 (6th Cir. 1970). But Rainey did not conduct the search alone; he called the police to the scene to assist in and to complete the search. A search lawful at its inception may become illegal as its scope broadens unless the steps taken can independently satisfy fourth amendment requirements. Terry v. Ohio, 392 U.S. 1, 17–20, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Small, 297 F.Supp. 582, 586 (D.C.Mass.1969). So although Rainey's search was constitutionally valid, the subsequent searches by government officers must be independently tested against constitutional criteria.

Rainey is best characterized not as a citizen who has furnished the government with evidence which he has seized, but as an informer who has come upon information which he feels should be revealed to the proper law enforcement officials. Compare United States v. Small, 297 F.Supp. 582 (D.C.Mass.1969) to Duran v. United States, 413 F.2d 596, 608 (9th Cir.), cert. denied, 396 U.S. 917, 90 S.Ct. 239, 24 L.Ed.2d 195 (1969). Consequently, the warrantless search by the police officers acting upon Rainey's information must be carefully measured against fourth amendment strictures against unreasonable searches, and we must determine whether their search can be justified under any of the recognized exceptions to the requirement of a search warrant.

It is clear that this search was not incident to any arrest.[2] Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), United States v. Cain, 332 F.2d 999 (6th Cir. 1964). There was no reason to inventory the contents of the automobile, as was the case in United States v. Lipscomb, 435 F.2d 795, 801 (5th Cir. 1970), nor was consent obtained from anyone, as in Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477, reh. denied, 329 U.S. 824, 67 S.Ct. 107, 91 L.Ed. 700 (1946).

It is true that an immediate search of an automobile may be made without a warrant "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925); see also Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), Chambers v. Maroney, 399 U.S. 42, 51, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970), Chimel v. California, 395 U.S. 752, 764, n. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). That, however, is not the situation in this case.

The sheriff had proper custody, through Rainey, of the appellant's automobile. Furthermore, the sheriff had cause to arrest and detain the owner for the offense of permitting an unlicensed driver to operate a vehicle had appellant attempted to claim his car prior to the issuance of a warrant. Under these circumstances, it is not reasonable to assert that the opportunity to search the car was "fleeting."

We do not think that this case is determined by Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Chambers dealt with an arrest for armed robbery, and the suspects were apprehended within one hour and within two miles of the scene of the robbery. These facts presented probable cause for a search of the automobile incident to the arrest to obtain and remove firearms concealed in the automobile as well as evidence of the robbery, including any stolen property still remaining therein. The opportunity to search the car was fleeting because the car was readily movable. In this regard the Court said:

"[M]oreover, the opportunity to search is fleeting since a car is readily movable. Where this is true, as in Carroll[3] and the case before us now, if an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search." 399 U.S. 51, 90 S.Ct. 1981.

Chambers is not applicable where there is no danger of the automobile being removed from police access, and no possibility that any possible evidence contained therein would be destroyed. In this case, not until the police were informed by Rainey of his suspicions did any cause at all exist for a search of the automobile. Whether Rainey's communication presented probable cause or not was for the determination of a magistrate.

"In enforcing the Fourth Amendment's prohibition against unreasona-

2. The right to search incident to an arrest stems from the right of the arresting officer to protect himself by locating concealed weapons, as well as the need to prevent the destruction of evidence of the crime for which the arrest was made. Preston v. United States, 376 U.S. at 367, 84 S.Ct. 881. Neither of these factors is present in this case.

3. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), held that a search warrant is unnecessary and an immediate search is constitutionally permissible where there is probable cause to search an automobile stopped on the highway, the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. See Chambers v. Maroney, 399 U.S. at 51, 90 S.Ct. 1975.

**1232**

ble searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution. As a general rule, it has also required the judgment of a magistrate on the probable-cause issue and the issuance of a warrant before a search is made. Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." 399 U.S. at 51, 90 S.Ct. at 1981.

We can find no justification for the warrantless search by the police. The question of whether the information supplied to the police presented reasonable cause for a search of the automobile was for the determination of a magistrate; only in exceptional cases may this decision be made by the police.[4]

"To promote neutral and objective determination of the necessity to invade people's privacy, law enforcement officials should be encouraged to seek warrants. See Chapman v. United States, 365 U.S. 610, 613–616, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961)." United States v. Lewis, 392 F.2d 377, 379 (2d Cir. 1968).

■ We conclude that the warrantless search of appellant's automobile was not reasonable and was therefore unconstitutional, and that the evidence seized in that search was inadmissible at the appellant's trial. The judgment of the District Court is reversed, and the case is remanded to the District Court with instructions to grant the writ of habeas corpus under such terms and conditions as may be deemed appropriate by the District Court in the circumstances.

In view of our disposition of the case, we deem it unnecessary to consider the appellant's second contention concerning the trial court's exclusion of certain character testimony.

Reversed.

4. Increased use of warrants is fostered by the assurance to law enforcement officials that when a warrant is obtained in a close case, its validity will be upheld. United States v. Ventresca, 380 U.S. 102, 108–109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); United States v. Desist, 384 F.2d 889, 897 (2d Cir. 1967), aff'd, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248, reh. denied, 395 U.S. 931, 89 S.Ct. 1766, 23 L.Ed.2d 251 (1969); United States v. Freeman, 358 F.2d 459, 461–462 (2d Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966).