Robert GRIFFIN, Petitioner-Appellant,

v.

W. E. HUDSON, Respondent-Appellee.

No. 72–1945.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 13, 1973.

Decided March 28, 1973.

Joseph O'Leary, Akron, Ohio, for petitioner-appellant.

Jeffrey L. McClelland, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee; William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, on brief.

Before EDWARDS, PECK and Mc-CREE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of the appellant's petition for a writ of habeas corpus. In 1968, the appellant was convicted on each of four counts on an indictment charging him with display and possession of four obscene films. The arrest occurred on February 2, 1968, after the Sheriff of the county raided the appellant's photography studio where one of the four films was being shown to a "stag party." Deputy Sheriff Jones had been invited to attend this party, and during an intermission in the showing he left the party to advise the Sheriff, who had stationed himself outside by prearrangement, that obscene films were being exhibited. The deputy then returned to the party and seized the film in the projector when the Sheriff and others raided the premises a few minutes later. Assuming the interpretation most favorable to the appellee, the record discloses that as the Sheriff approached the door of the studio, he observed through a window the appellant putting what appeared to be film cans

into a safe in his office. Upon gaining entrance, he arrested the appellant and asked him to open the safe, informing him that if he refused, the safe would be transported to the Barberton Safety Building and opened there under court order. The appellant thereupon opened the safe, from which three films were seized.

At trial, the appellant stipulated that all four films were obscene, and his defense was that they were improperly seized. His motions to suppress were overruled, and he was convicted on all four counts. The District Court concluded that the search was incident to a lawful arrest, and denied the appellant's petition for habeas corpus relief. The petitioner has perfected this appeal from that judgment.

Inasmuch as this arrest and search occurred prior to the decision of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the constitutionality of the search is to be judged under the standards in effect prior to that decision. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). The leading pre-*Chimel* cases of Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), and United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), indicate that the Fourth Amendment protects only against unreasonable searches and that the reasonableness of each search is to be judged upon its own facts.

■ Judged by any standard, the seizure of the film in the projector by Deputy Jones was proper; the Deputy was legally on the premises as an invitee, had seen a showing of the admittedly obscene film and thus he had observed the commission of an offense. Carroll v. United States, 267 U.S. 132, 156–157, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Accordingly, the District Court's denial of the writ in regards to this count of the indictment, Count Two, is affirmed.

■ A different problem is presented with respect to the films seized from the safe. A search incident to an arrest authorizes a search of the individual validly placed in custody, Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914), and extends to a search of the place where the arrest is made in order to find and seize things connected with the crime or the means by which the crime was committed, and weapons and other things which might pose a threat to the arresting officer or aid an escape from custody. Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145 (1925). The rationale for concluding that such searches are reasonable and may be carried out in the absence of a search warrant is necessity. 339 U.S. at 72, 70 S.Ct. 430 (dissenting opinion). Officers must protect themselves from the threat of concealed weapons, and must avoid the destruction of evidence by the arrested person. These considerations are not present here where the Sheriff suspected that obscene films had been placed in a safe and locked.

We can find no justification for the search of the safe over the objection of the appellant. The Trial Court indicated from the bench that the actions of the Sheriff in opening the safe constituted coercion. In addition, we note that there was some dispute concerning the question of whether the Sheriff did in fact see the appellant placing the film cans in the safe. The question of whether the Sheriff had sufficient grounds to justify opening the safe under court order were for the determination of a magistrate.

> "To promote neutral and objective determination of the necessity to invade people's privacy, law enforcement officials should be encouraged to seek warrants. See Chapman v. United States, 365 U.S. 610, 613–616, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961)." United States v. Lewis, 392 F.2d 377, 379 (2d Cir. 1968).

Only in exceptional cases may this decision be made by the police. Cash v. Williams, 455 F.2d 1227 (6th Cir. 1972). As noted in that opinion, the increased use of warrants is fostered by the assurance to law enforcement officials that when a warrant is obtained in a close case, its validity will be upheld. United

States v. Ventresca, 380 U.S. 102, 108–109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); United States v. Desist, 384 F.2d 889, 897 (2d Cir. 1967), aff'd, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248, reh. denied, 395 U.S. 931, 89 S.Ct. 1766, 23 L. Ed.2d 251 (1969); United States v. Freeman, 358 F.2d 459, 461–462 (2d Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966).

We conclude that the coercive and warrantless search of the appellant's safe was unreasonable and therefore unconstitutional, and that the three films seized therefrom were improperly admitted into evidence at the appellant's trial. Accordingly, the appellant's conviction on those three counts of the indictment, Counts 1, 3 and 4, must be vacated, and the judgment of the District Court is reversed as to those three counts. It is affirmed with respect to Count 2 of the indictment concerning the film seized from the projector.

The cause is remanded to the District Court with instructions to grant the writ unless the conviction of the appellant on Counts 1, 3 and 4 of the indictment are vacated, and the appellant's sentence on the remaining count is reconsidered in light of its being a single conviction.