UNITED STATES of America, Plaintiff-Appellee,

v.

Theodore COOPER, Defendant-Appellant.

No. 81–1490.

United States Court of Appeals, Sixth Circuit.

Argued April 20, 1982.

Decided April 23, 1982.

Certiorari Denied Oct. 4, 1982.

See 103 S.Ct. 112.

Gershwin A. Drain, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U. S. Atty., John N. Thompson, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before ENGEL and MARTIN, Circuit Judges, and ENSLEN,* District Judge.

PER CURIAM.

This is a direct appeal from Theodore Cooper's conviction of theft from an interstate shipment in violation of 18 U.S.C. § 659. Cooper was a deliveryman for United Parcel Service in Detroit, Michigan. During 1979 and early 1980, U.P.S.' Detroit office processed approximately $50,000 in claims for "lost" property. Suspicion that an employee was diverting packages from the Detroit facility focused on Cooper when company officials realized that Cooper had had access to many of the missing parcels.

On May 20, 1980, FBI agents obtained a warrant to place a "beeper" in a package awaiting delivery in Detroit. The package belonged to Rubel Originals and was addressed to Annis Furs. The warrant authorized the FBI to monitor the beeper for not more than 72 hours, after which a report was to be made to the issuing Magistrate.

The package containing the beeper was placed in its proper delivery stack in an area adjacent to Cooper's delivery stack. The Annis Furs address was not on Cooper's scheduled delivery route. While Cooper was loading his truck, he took the Annis Furs package from its stack and loaded it on the truck with his own deliveries. Because of the beeper, law enforcement agents were able to follow Cooper and ascertain that he delivered the parcel addressed to Annis Furs to the Hollywood Television Sales & Service Co. at a different address.

Armed with the foregoing information, the government obtained an indictment against Cooper. In District Court, Cooper moved to suppress the evidence obtained through use of the beeper. The court denied the motion, and, after a stipulated bench trial, entered a conviction and sentenced Cooper to one year's imprisonment.

On appeal, Cooper raises the same issues he argued at the evidentiary hearing. He claims that the installation and monitoring of the beeper implicated his Fourth Amendment rights, and that the affidavit offered in support of the warrant was insufficient to establish "probable cause."

After reviewing the record, we are persuaded that the District Judge was correct in denying Cooper's motion to suppress.

Ordinarily, as a matter of legal analysis, we would not address the sufficiency of the affidavit on which the warrant was based until we had determined whether or not Cooper's challenge was predicated on legitimate Fourth Amendment privacy interests. *United States v. Bailey*, 628 F.2d 938 (6th Cir. 1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In the present case, however, detailed scrutiny of Cooper's alleged "privacy interests" would not advance his cause, for we are convinced that the search warrant obtained by the government was perfectly valid.

Cooper correctly asserts that the "informant information" contained in the FBI agent's affidavit fails to satisfy the standards of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968). However, if we strike the "informant" sections of the affidavit altogether, we believe the remaining allegations by themselves are sufficient to establish "probable cause."

* Honorable Richard A. Enslen, District Judge, United States District Court for the Western District of Michigan, sitting by designation.

The affidavit alleged: (a) that a number of packages had, in recent months, been "lost" from delivery stacks adjacent to Cooper's loading area; (b) that Cooper had access to these adjacent delivery stacks; (c) that UPS loss prevention personnel had recently photographed Cooper taking packages from other drivers' delivery stacks; and (d) that on several occasions, Cooper had eluded pursuit by trained surveillance personnel.

These statements by FBI Agent Poplinger satisfy the standard enunciated in *United States v. Giacalone*, 541 F.2d 508, 516 (6th Cir. 1976): "When an affidavit states facts upon which a reasonable man could conclude that a theory of a crime is probably correct, a Magistrate's finding of probable cause cannot be rejected as arbitrary."

Cooper's contention that the information in the affidavit is too "stale" to support a valid warrant is without merit. Agent Poplinger specifically indicated that Cooper had been photographed taking packages from other drivers' delivery stacks within three weeks of the issuance of the warrant. The Magistrate's reliance on information which was at the most three weeks old, is not, as Cooper suggests, tantamount to the issuance of a warrant on the basis of undated averments. The present case is thus distinguishable from *United States v. Boyd*, 422 F.2d 791 (6th Cir. 1970).

Like the District Judge, we are sensitive to the government's efforts to follow the proper procedures in this case. As we observed in *Giacalone, supra*, at 513–14, *citing United States v. Lewis*, 392 F.2d 377, 379 (2d Cir.), *cert. denied*, 393 U.S. 891, 89 S.Ct. 212, 21 L.Ed.2d 170 (1962): "One of the besd ways to foster increased use of warrants is to give law enforcement officials the assurance that when a warrant is obtained in a close case, its validity will be upheld."

The judgment of the District Court is affirmed.