Chief Judge Desmond.
After a trial before a New York City Magistrate, defendant was convicted of the misdemeanor of possession of policy slips (Penal Law, § 975) and was sentenced to a fine and imprisonment in the workhouse. The only law question arises from appellant’s argument that the policy slips found on his person by the arresting police officer were admitted into evidence in violation of his constitutional rights as to unlawful search and seizure. His trial was held on July 26, 1961 after the decision in Mapp v. Ohio (367 U. S. 643) and there were specific objections on the constitutional ground to the challenged evidence, so there is no doubt as to the Mapp point being in the case. The prosecution’s position is that the search of defendant’s person during which the policy slips were discovered was incident to a lawful arrest (see People v. Loria, 10 N Y 2d 368, 373, and cases cited) for a misdemeanor committed in the police officer’s presence. Defendant’s submission is that the acts which the officer testified he observed were not in themselves sufficiently indicative of a crime being in the course of commission and that the showing of criminal activity appeared only from the policy slips afterwards illegally seized. We agree with defendant.
*273 The arresting officer swore that on the morning of June 23, 1961 he saw appellant standing in front of a building in Brooklyn, about 60 feet from the officer. Then, he said, he saw four men severally approach defendant and saw each of them hand paper money to defendant. After the last of the four men had left defendant’s presence the officer walked over to defendant, put him under arrest, searched him, found $83 in currency in defendant’s pockets, and in defendant’s wallet in another pocket a policy slip showing 12 “plays”. Admission of this policy slip into evidence was objected to on the Mapp ground (367 U. S. 643, supra) and the objection overruled. The officer satisfactorily established that the slip contained a listing of 12 policy plays or bets. Defendant denied that he ever had the policy slip in his possession or that it was taken from him.
The officer’s testimony of what he observed would not, without more, prove the commission of any crime since mere evidence of persons handing money to another person does not prove a crime (see People v. Richardson, 287 N. Y. 563; People v. Carpenito, 292 N. Y. 48). Proof of the crime had to depend on the evidence obtained during the search after the arrest. The arrest itself was, therefore, illegal since section 177 of the Code of Criminal Procedure allows an arrest without a warrant for a crime not committed in the arresting officer’s presence for a felony only and not for a misdemeanor (People v. Foster, 10 N Y 2d 99; People v. O’Connor, 257 N. Y. 473). Since the arrest was unlawful the search and seizure were unlawful and it was a violation of defendant’s constitutional rights under Mapp v. Ohio [supra) to admit the evidence thus obtained.
The judgment appealed from should be reversed and the complaint dismissed.
Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment reversed, etc.