39656. BRYANT v. THE STATE.

FRANKUM, Judge. The defendant was convicted in the City Court of Floyd County, Georgia, on each count of a four-count accusation. Two counts of the accusation charged him with possessing nontax-paid liquors, and the other two counts charged him with selling nontaxpaid liquors. The defendant's motion for new trial, as amended, was overruled and this ruling is assigned as error. *Held:*

1. The general grounds of the motion have been specifically abandoned and will not be considered by this court.

2. The issues raised by the special grounds of the motion for new trial are resolved by the determination of whether or not two bottles of whisky, which were identified as having been purchased from the defendant by a State revenue agent and which were admitted in evidence over the defendant's objection, were obtained by an unlawful search and seizure so as to violate constitutional rights of the defendant. The defendant argues strenuously that this case falls under the rule announced in Mapp v. Ohio, 367 U.S. 643 (81 SC 1684, 6 LE2d 1081), (see Elkins v. U.S., 364 U.S. 206, 80 SC 1437, 4 LE2d 1669; U.S. v. Page, 302 F2d 81), that a conviction cannot legally stand which is based upon evidence obtained by an unlawful search and seizure. We are of the opinion that the facts in the instant case do not come within this rule.

There was evidence adduced upon the trial of the case that a special agent of the State Revenue Department went to a house in Floyd County dressed as a service station operator. A woman came to the door and admitted him into the house. The defendant was in the house. After the agent asked for a pint of whisky, the defendant delivered to him a pint of nontax-paid whisky and accepted $2 in payment for the same. On another occasion the same witness returned to the house and the defendant sold him another pint of nontax-paid whisky for $2. The agent testified that he had no search warrant on either occasion.

The above evidence does not show a forceable entry or a refusal to honor constitutional rights of the defendant. In fact, there was no evidence of any search or seizure—legal or illegal. Accordingly, the court did not err in admitting in evidence the two pints of whisky. The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 25, 1962.

*Scoggin & Minge, Jerry L. Minge,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.