William E. Ringel, J.
This is a motion to suppress the use of certain evidence, to wit, photographs, books and magazines, upon the trial of these cases, on the ground that they were obtained from these defendants by means of illegal searches and seizures, as well as in contravention of their rights under the First and Fourteenth Amendments. Informations have been filed against all of these defendants charging them with violation of section 1141 of the Penal Law, a misdemeanor. Separate hearings were held but the cases have been consolidated for the purpose of these motions to suppress, since the fact patterns of each individual arrest are basically similar and the minor variances are without legal significance for the purpose of these motions. This decision will therefore be dispositive of all of them, in accordance with the agreement of all the parties.
The facts at these hearings disclosed that pursuant to notice sent to them on April 9,1963, various police officers were assembled for a special assignment, scheduled to be executed by them on April 10, 1963. They met on April 10 and were shown photographs, some of which purported to be copies of exhibits used in the case of People v. Fried (18 A D 2d 996), in which a conviction for violation of section 1141 of the Penal Law had been obtained and affirmed, with leave to appeal to the Court of Appeals denied (Fuld, J., March 26, 1963). They were also shown a list of book titles. The police were then divided into small teams and each team was directed to visit one of some 20 book stores in the Times Square area, all visits to be co-ordinated at 6:00 p.m. on April 10. They were further instructed to attempt to purchase photographs similar to those shown to them (i.e., Fried case photographs), and if they could effect such purchase, and only then, were they to malee an arrest. After such arrest, if any, they were to look for copies of the books, the list of which had been shown them at the briefing, seize them and take such other appropriate police action, that they deemed proper.
The officers then visited the shops assigned to them at the time specified and purchased the photographs and books which are the subjects of these motions. After these purchases, they examined them and then placed the various defendants under arrest. . Following the arrests, the officers conducted a search of the premises and seized other photographs and books. The admissibility of the materials taken subsequent to the arrests, is not before the court, the People having consented to their suppression.
*725 The shops in question, were public book shops, open for business at the time of the police visits, and were engaged in the business of selling these -items, among others, to the public. The items purchased, were openly displayed for sale, on counters and shelves, where the police observed them prior to purchase.
Mere observation of that which is publicly displayed, does not constitute a search, of any kind, legal or illegal. (Ellison v. United States, 206 F. 2d 476, 478.) A “ search ” implies a prying into hidden places for that which is concealed, and it is not a search to observe that which is open to view. (People v. Cattaneo, 6 Ill. 2d 122; People v. Campanile, N. Y. L. J., July 1, 1963, p. 6, col. 8, Schweitzer, J., and cases cited.)
Obscene publications are contraband (Marcus v. Search Warrant, 367 U. S. 717) and they enjoy no special constitutional protection. (Roth v. United States, 354 U. S. 476; Alberts v. California, 354 U. S. 476.)
The seizure of contraband in open view is not an unconstitutional seizure. (People v. Cattaneo, supra; People v. Defore, 242 N. Y. 13, 18, dictum; People v. Zucker, 15 A D 2d 883; People v. Revo, 18 A D 2d 1053.)
Nor docs the purchase of contraband constitute an illegal search and seizure. Entry into premises open to the public, without a warrant, and purchasing contraband therein does not establish ‘ ‘ a forceful entry or a refusal to honor constitutional rights of the defendant.” Such acts are not “ evidence of any search or seizure — legal or illegal.” (Bryant v. State, 106 Ga. App. 642, 643; People v. Fried, supra.)
It is to be noted that in Zucker (supra) (Record on Appeal, pp. 15, 24) and in Revo (supra) (Record on Appeal, pp. 18, 19), there were no purchases of the contraband material. The arrests were made after the officer determined that the obscene material was on display for sale to the public. In Fried (supra) (Record on Appeal, pp. 10-14), three purchases of obscene material were made on three different dates before the defendant was placed under arrest. In none of these cases, did the police have a search warrant. In affirming Fried the court said: ‘1 The proof establishes beyond a reasonable doubt the defendant’s guilt on the remaining three counts charging that he held out for sale and sold the described photographs and book, which are obscene within the meaning of section 1141. (People v. Finkelstein, 11 N Y 2d 300.) ” (Emphasis supplied.)
It would appear from these decisions, Zucker, Revo and Fried, (ibid) that the act of offering for sale, or sale, of obscene material to a police officer, constitutes the commission of a misdemeanor in his presence for which an arrest may be made *726 without a warrant. (Code Grim. Pro., § 177; People v. Moore, 11 NY 2d 271.)
The law of arrest is governed by State statutes, (People v. Lombardi, 239 N. Y. S. 2d 161; Miller v. United States, 357 U. S. 301; cf. Ker v. California, 374 U. S. 23.)
From these facts and under the law, it is concluded that there has been no violation of the defendants’ constitutional rights under the Fourth Amendment.
Nor can this court discern any violations of the defendants’ rights under the First or Fourteenth Amendments. The voluntary sale of alleged obscene material to a person, who turns out to be a police officer, for which sale, the seller is arrested and prosecuted, does not constitute suppression of freedom of speech or thought, any more than it constitutes denial of due process. {Bryant v. State, supra.)
Police have their duty to perform and may not close their eyes to contraband lying freely exposed. (Ellison v. United States, supra; People v. Campanile, supra.) Nor are the police required to exchange briefs with a defendant every time an arrest is made. Mapp v. Ohio (367 U. S. 645), must not be permitted to degenerate into a shibboleth or into a legal cliché.
The innocence or guilt of the defendants will be determined by the trial court. That determination will depend on proof, beyond a reasonable doubt of the existence of each and every element of the crime charged, including the element of obscenity of the items here sought to be suppressed. (People v. Fried, supra; People v. Keohane, 201 Misc. 597.) The question of obscenity is not one to be decided by the court hearing the suppression motions. This court’s function, on passing on these motions is solely to determine the admissibility at the trial of the items in question, within the limits prescribed by the Constitution, and as mandated to the States. (Mapp, supra; Ker, supra.)
Among the several cases cited by defendants in support of their motions, particular reliance is made on Stengel v. Smith (18 A D 2d 458 [4th Dept.] and Marcus v. Search Warrant (supra).
Neither of the cases is applicable. As to Stengel, a full understanding of that opinion cannot be had without reference to the facts as disclosed in the trial court. (Stengel v. Smith, 37 Misc 2d 947.) That trial, in the court below, was a civil suit for an injunction brought against the defendant pursuant to the provisions of section 22-a of the Code of Criminal Procedure. That suit sought to enjoin the sale or distribution of certain *727 publications which were alleged to be obscene, immoral, etc., in certain respects, ‘ ‘ or in any other respect defined in section 1141 of the Penal Law.” Implicit in the provisions of section 22-a is that there first must be a judicial finding that the material in question is obscene within the purview of section 1141. No such judicial finding was made prior to the commencement of the injunction suit, and the criminal prosecution of the defendant under section 1141 was still pending. Furthermore a motion to suppress “ the great majority of the publications confiscated ” had already been granted, in that criminal action.
In the light of these facts, the action of the Appellate Division in vacating the lower court injunction is completely understandable particularly in view of the basic rule pertaining to the seizure of alleged obscene material as set forth in Marcus (supra).
Stengel presents one other difficulty in interpretation. The Appellate Division in its opinion seems to equate ‘1 purchase ’ ’ with ‘ ‘ seizure ’ 1 On this, defendants lean heavily, but erroneously. That equation must be taken to exist, if it exists at all, only under the facts in Stengel. Furthermore if we are to conclude that the Fourth Department interprets “purchase” as equated with “ seizure ” as equally applicable in criminal prosecutions under section 1141, we in the First Department cannot accept that ruling. (People v. Revo, supra; People v. Zucker, supra; People v. Fried, supra.)
Where there is a conflict in Appellate Division rulings, a court located in this Department must take the law, as enunciated by its own Appellate Division (Sullivan v. Sullivan, 73 N. Y. S. 2d 547; Pagan v. Mantell, 3 Misc 2d 402).
The other cases cited by defendants are likewise not in point. Manual Enterprises v. Day (370 U. S. 478), involves the power of the Postmaster General to censor what may go through mails. Bantam Books v. Sullivan (372 U. S. 58) involves the power of a State commission to act as censors, albeit by indirection. (People v. O’Neill, 11 N Y 2d 148, involves the search of a private dwelling.)
One further defense raised by defendants remains to be disposed of. Defendants assert that the prior planning and co-ordinated execution of the plan resulting in the arrest of the defendants was also constitutionally proscribed. This court is not aware of any law or decision which condemns thoughtfulness and study by the police prior to their embarkation on some proper police activity. On the contrary such prior preparations are to be encouraged. To quote from Gilbert and Sullivan: *728 “ take one consideration with another — A policeman’s lot is not a happy one! ’ ’
And thus, this court, taking “ one consideration with another ” must conclude that the motions to suppress must be denied as to all the defendants with respect to all of the exhibits, that were purchased. As to all of the other exhibits, the motion is granted.