**Application of Ralph CONTI and David Newman, Petitioners,**

v.

**The Hon. Robert M. MORGENTHAU, United States Attorney, Respondent.**

United States District Court
S. D. New York.

Aug. 26, 1964.

Dorsey, Burke & Griffin, New York City, for petitioner Ralph Conti; William T. Griffin, New York City, of counsel.

Irwin Klein, New York City, for petitioner David Newman.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for United States; John E. Sprizzo, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

These are separate applications by two petitioners, Ralph Conti and David Newman, to suppress evidence and for the return of property pursuant to Rule 41 (e) of the Federal Rules of Criminal Procedure. The applications will be treated together since, in large measure, they revolve about the same factual situation.

On January 22, 1964, Special Agents of the Internal Revenue Service obtained warrants, one to search Apartment B at 1582 First Avenue, New York City, and another to search an automobile belonging to one Ralph Conti. The warrant to search the apartment was executed that afternoon. During the course of this search the agents arrested Conti and Newman on the premises and charged them with operating a "wire room" without having paid the special occupation tax imposed by 26 U.S.C. § 4411. The agents had no arrest warrants; the arrests were made upon alleged probable cause. Immediately following the arrests and pursuant to the second warrant, the agents searched Conti's unoccupied and locked car which was parked on a street near the premises.

Petitioners seek suppression and return of the items of personal property taken (1) from the apartment, (2) from Conti's person at the apartment and (3) from Conti's automobile. These items include over $1800 in currency, keys, two telephones, electronic devices alleged-

ly suitable for use in gambling operations and assorted papers described as bet slips, tally slips, scratch sheets and other gambling paraphernalia. It is contended that each warrant is insufficient on its face, that there was not probable cause for believing the existence of the grounds on which it was issued, that no probable cause existed for the arrests and, further, that the apartment search warrant was illegally executed.

*The Search Warrant for the Apartment*

 The search warrant for the apartment was issued on the basis of an affidavit sworn to by one Special Agent to the effect that another agent had placed horse bets to a telephone number listed at the described apartment, that "wagers were placed by the Special Agent on January 20 and 21. * * *," and that no one at that address had paid the wagering tax. The allegations, if believed, were sufficient to establish probable cause. It was not unreasonable for the Commissioner to conclude from the sworn information as to the placement and acceptance of bets over a telephone listed at a particular apartment that a wagering operation was being carried on there.[1]

 The petitioners also attack the sufficiency of the affidavit on the ground that the Special Agent who made the telephone calls and placed the bets was not himself the affiant. These hearsay objections are without substance. It was clear that the allegations of the affiant were predicated upon information imparted to him by a fellow agent whose activities were spelled out. The observations of a fellow agent who acted in an undercover capacity in the course of official duty certainly are as reliable a source of information and as dependable for grounding belief as the word of a known reliable informer.[2] The official

---

[1]. Not only may the Commissioner draw reasonable inferences based on his experience in such matters, Irby v. United States, 314 F.2d 251 (D.C.Cir.1962), but the fact that he did find probable cause "is itself a substantial factor tending to uphold the validity of the warrant he

issued," United States v. Ramirez, 279 F.2d 712, 716 (2d Cir. 1960). See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

[2]. United States v. McCormick, 309 F.2d 367, 372 (7th Cir. 1962), cert. denied,

actions of the participating agent and the detailing of his observations provide a "substantial basis for crediting the hearsay." [3] The Court concludes that the warrant to search the apartment was validly issued.

■ The petitioners next contend that, even so, the search was rendered invalid because entry into the apartment was gained in violation of 18 U.S.C. § 3109.[4] Neither petitioner testified at the hearing in support of his claimed version of the manner in which the warrant was executed. The affidavits of the petitioners' attorneys who were not present are, of course, no substitute for evidence on the issue.

Based primarily upon the testimony of Agents Cotter and Riley, I find that on the afternoon of January 22 agents armed with the search warrant for the apartment secreted themselves at the top of a flight of stairs leading to the basement of 1582 First Avenue; that through a narrow aperture they observed the door of the apartment described in the warrant; that they saw Conti approach and open the door with his own key; that he was inside the vestibule attempting to remove the key from the now open door when Agent Cotter emerged and announced he was a Federal Officer with a warrant to search the apartment; that thereupon Conti, taken by surprise, stepped back and allowed Cotter to pass through the open and unobstructed doorway.

Since the agents identified themselves and announced their authority before entering the apartment and were not denied entrance, § 3109 was not violated.

■ The petitioners next attack the validity of their arrests once entry was gained into the apartment. In this instance, too, the only witnesses who testified were the government agents. I further find that having crossed the threshold of the apartment Cotter observed petitioner Newman sitting at a table, talking into one of two telephones; that Cotter saw Newman filling out a bet slip evidently in conjunction with the phone call; that Newman's table was littered with bet slips, tally pads and scratch sheets, and that Cotter then placed Newman under arrest for violation of the federal wagering tax law.

■ Meanwhile, Agent Riley had observed Conti surreptitiously drop his key to the floor and equally surreptitiously discard a large envelope he was carrying. Riley retrieved the envelope which contained basketball schedules of the type allegedly used in gambling operations. Conti gave the agents a name they knew was false and he was then placed under arrest. Then, the agents, pursuant to the search warrant, seized the gambling paraphernalia. The conduct of Newman and Conti gave the agents ample cause to arrest each for a federal crime [5] committed in their presence,[6] either as a principal or under the aiding and abetting law, and the search of Conti in the apartment was lawful as an incident of that arrest.

Accordingly, the motion to return the property taken from the premises pursuant to the search warrant and from the person of Conti following his arrest is denied.

372 U.S. 911, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963); Giacona v. United States, 257 F.2d 450, 457 (5th Cir.), cert. denied, 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed. 2d 104 (1958); cf. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Ventresca v. United States, 324 F.2d 864, 867–68 (1st Cir. 1963).

3. Jones v. United States, 362 U.S. 257, 272, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

4. § 3109 provides: "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

5. 26 U.S.C. §§ 4401, 4411, 4412, and 7272.

6. See United States v. Viale, 312 F.2d 595 (2d Cir. 1963); People v. Moore, 11 N.Y.2d 271, 228 N.Y.S.2d 822, 183 N.E. 2d 225 (1963).

*The Search of Conti's Automobile*

██ There remains the question of the search of Conti's car immediately following his arrest, a search pursuant to the warrant obtained earlier in the day. Conti attacks the warrant upon the ground of legal insufficiency of the supporting affidavit. The affiant relied upon:

"observation and surveillance by Special Agents of the Internal Revenue Service [who]—1) on two occasions observed Ralph Conti, a person known to associate with bookmakers, visit an apartment wherein a telephone is located over which a Special Agent has placed two horse wagers; 2) on the above two occasions Conti was observed leaving the aforementioned apartment carrying a small packet of paper which he placed in the trunk of the above described automobile; 3) that a search of the records of the Internal Revenue Service reveal that Ralph Conti has not paid the Special Tax imposed by Title 26, United States Code, § 4411; 4) that horse wagers were placed by the Special Agent on January 20 and 21, 1964."

A reading of the affidavit exposes the failure to connect Conti's undated visits to the apartment with the bets telephoned to the apartment on January 20 and 21. The affiant failed to allege that Conti's visits coincided with the dates when the bets were placed or indeed that the visits were recent; and no explanation is given as to why the specific dates of his visits are omitted. For aught that appears they could well have occurred weeks or months before the agent telephoned the bets on the 20th and 21st of January. It is evident that the Commissioner accepted without question affiant's statement of probable cause and perfunctorily issued the warrant. There was an inadequate basis for the Commissioner's determination of probable cause.[7] The matter is one of substance since the proof of the facts relied upon to search must "be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time."[8] Tested by this standard the affidavit failed to establish probable cause to believe that on or about January 22 Conti's car was being used in connection with the alleged commission of crime.

██ The Government cannot and does not justify the search as an incident of Conti's arrest since the arrest was not contemporaneous with or in the vicinity of his car which was parked around the corner from the apartment.[9] Moreover, with Conti already under arrest and the agents in possession of his keys to the locked car, there was no danger of movement of the car or loss of the evidence.[10]

The Government, however, does seek to uphold the search of the car on the ground that under all the attendant circumstances it was "reasonable" and hence within the Fourth Amendment. The substance of its position is that when the agents submitted the affidavit in support of the search warrant for the car, they had ample grounds upon which a finding of probable cause could be made by the Commissioner; that the failure to detail the facts essential to uphold the validity of the warrant did not destroy the existence of those facts; that after the issuance of the warrant now declared invalid they obtained fresh reason to believe the automobile contained gambling paraphernalia; that they understandably did not apply for a second warrant after

7. See Giordenello v. United States, 357 U.S. 480, 487, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

8. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932).

9. "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) (search of automobile). See also Stoner v. California, 376 U.S. 483 (1964).

10. Cf. Carroll v. United States, 267 U.S. 132, 136, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Armada v. United States, 319 F.2d 793, 797 (5th Cir. 1963).

the arrest because they thought they already had a good and sufficient warrant to search the car based upon the events which occurred on January 20 and 21. The position is plausible and indeed has a surface appeal, but it must be rejected.

We deal here not with formalities or technical matters, but with constitutional rights and these do not yield to the exigencies of the moment.[11] The agents' search pursuant to an invalid warrant was not rendered reasonable because they acted in good faith and believed the warrant was valid. If this were so then every search pursuant to a warrant issued upon a defective affidavit would have to be found reasonable if probable cause as a matter of fact existed even though the true facts were not properly presented to the Commissioner. It would mean that one's constitutional right against unlawful search and seizure would be measured by the good faith of the person allegedly infringing upon those rights, and the constitutional role of the impartial Commissioner sterilized.

In the instant case, although events in the apartment justified the arrest of Conti and the incidental search of his person, nothing transpired then or earlier on that day to justify the search of his car without a valid warrant. A locked and unoccupied car whose owner is in police custody at another place can only be searched pursuant to a valid warrant.[12] And "in passing on the validity of a warrant, the review court may consider *only* the information brought to the Magistrate's attention." [13] Should the warrant be found invalid, any search thereunder may not be upheld as reasonable on the ground that the agents in good faith acted on the basis of information which they possessed but failed to communicate to the Commissioner.

In Aguilar v. Texas [14] the Supreme Court last Term upset a search made pursuant to a deficient warrant. In obtaining the warrant Houston police officers failed to communicate the grounds for their unidentified informant's belief, or their own reasons for reliance thereon. The Court attached no weight to the fact that upon announcement at Aguilar's door of their identity and purpose, the police heard a "commotion" inside and only by forcible entry were able to prevent disposition of the suspected narcotics. Implicit in the Court's treatment of *Aguilar* is its conviction as to the irrelevance of uncommunicated or intervening probable cause. The warrant being "technically" deficient, the Court did not inquire whether probable cause existed in fact at the time of application or whether intervening events made the search "reasonable." [15]

The motion to suppress as evidence against Conti the items taken from

---

11. McDonald v. United States, 335 U.S. 451, 455–56, 69 S.Ct. 191, 93 L.Ed. 153 (1948). As Mr. Justice Sutherland wrote in Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927), "The Fourth Amendment was adopted in view of long misuse of power in the matter of searches and seizures both in England and the colonies; and the assurance against any revival of it, so carefully embodied in the fundamental law, is not to be impaired by judicial sanction of equivocal methods, which, regarded superficially, may seem to escape the challenge of illegality but which, in reality, strike at the substance of the constitutional right." See also Ventresca v. United States, 324 F.2d 864, 870 (1st Cir. 1963) (concurring opinion).

12. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

13. Aguilar v. Texas, 378 U.S. 109, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 n. 1 (1964).

14. 378 U.S. 108 (1964).

15. See also Baysden v. United States, 271 F.2d 325, 327 (4th Cir. 1959); Tripodi v. Morgenthau, 213 F.Supp. 735 (S.D. N.Y. 1963). A different rule applies to arrests subsequent to acquisition of an invalid arrest warrant, because an arrest may always be independently justified on the basis of probable cause. See Giordenello v. United States, 357 U.S. 480, 488, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Di Bella v. United States, 284 F.2d 897 (2d Cir. 1960), rev'd on other grounds, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); United States v. Lodewijkx, 230 F.Supp. 212 (S.D.N.Y. 1964).

his automobile is granted. However, since the Government reasonably contends that the items seized were "intended for use in violating the provisions of the Internal Revenue laws," despite the illegality of their seizure return of the property may not be ordered in this proceeding,[16] but is subject to plenary action.

The motions with respect to the items taken from Conti's person and from Apartment B at 1582 First Avenue are denied.

16. 26 U.S.C. § 7302 provides: "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws * * * or which has been so used, and no property rights shall exist in such property." See United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951) (illegal search); United States v. Grossman, 315 F.2d 94 (2d Cir. 1963) (money seized during lawful search).