**UNITED STATES of America,
Plaintiff,**

v.

**Samuel Joseph MELVILLE, John David Hughey, Jane Lauren Alpert, Patricia Elizabeth Swinton, Defendants.**

**No. 70 Cr. 28.**

United States District Court,
S. D. New York.

Jan. 27, 1970.

On Rehearing Feb. 24, 1970.

See also D.C., 309 F.Supp. 822, and 309 F.Supp. 745.

Sanford M. Katz, New York City, for defendant Alpert.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for plaintiff; by John H. Doyle, III, and John R. Wing, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

The defendant Jane Lauren Alpert, has moved for an order under Rule 41(e) Fed.R.Crim.P. directing the return of certain property seized at her apartment # 2D at 235 East 4th Street, New York,

New York and suppressing it for use as evidence. Her moving affidavit states "I am unable at this juncture to state categorically that I am the owner of the property seized, and must await an opportunity to inspect the various items in order to ascertain that fact, * * *." * The grounds asserted for the motion are 1) the absence of probable cause for the search warrant; 2) the lack of sufficient basis for the warrant; 3) the seizure of property not described in the warrant; and 4) the search for evidence as the only object for the search. An evidentiary hearing has been duly held on the motion.

■■■■ The defendant Alpert was arrested at her apartment on November 12, 1969 without a warrant. It is clear that incidental to a lawful arrest officers may seize fruits, instrumentalities of a crime and even mere evidence of a crime. This was the ruling of the Supreme Court in Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). However, since that decision, the Supreme Court has narrowly limited the permissible area of a search even when incidental to a lawful arrest. The search is limited to the area in which the arrest is effected. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Briefly, this means the area within the "immediate control" of the person arrested, from which he might gain possession of a weapon or destructible evidence. Chimel, 395 U.S. at 762–763, 89 S.Ct. 2034. For the routine search of rooms other than that in which the arrest occurs, "absent well-recognized exceptions" a search warrant is required. Chimel, 395 U.S. at 763, 89 S.Ct. 2034.

■■■■ Had the usual situation obtained, the arresting officers on November 12th, could only have searched the area within the immediate control of the defendant Alpert. They could have seized evidence

at that time without a warrant; or, have returned with a search warrant detailing the items which they had already seen in this circumscribed area.

Any search beyond the area within the immediate control of the defendant would have been improper "absent special circumstances". See 3 C.A. Wright, Federal Practice and Procedure, § 668 at pp. 76–77 n. 14 (1969). In the case at bar, special circumstances were present.

The FBI agents testified credibly and reasonably that they were apprehensive at the time of the arrest that there might be other explosives that were set to go off and that there might be explosives or explosive devices (dynamite, blasting caps, hand grenades), in the Alpert apartment which might pose an immediate public hazard and even endanger the lives of the occupants of the building.

An emergency situation and grave concern for public safety confronted the authorities. Explosions had rocked four major buildings in the City of New York within a day or so and the defendant Melville had been apprehended that very evening with dynamite bombs believed to be intended for the destruction of United States Army property. He had that afternoon left a package in the Alpert apartment.

The instruction of the agent in charge to those sent to the apartment was to search for destructive objects at the apartment including, of course, any information concerning explosives which might have been set by the group to go off in the next hours. The search led incidentally to disclosure of a variety of items other than explosives or explosive devices. These were left in the apartment on November 12th in the center of the room while the search for explosives and explosive devices and information as to any which had been set for detonation continued that night. Within two days, on November 14, 1969

---

* After viewing the items, the defendant changed her position and declined to identify or concede her ownership of any item, standing on the ground that her

occupancy of the premises, without more, entitled her to the return of any items unlawfully seized.

the other objects were seized under the warrant now under attack. This warrant authorized the seizure of such property.

Given these concerns, which were valid and genuine in the circumstances, the warrantless search on November 12th beyond the area allowed by *Chimel* was justified, and objects seen but not seized during that lawful search were properly seized pursuant to the later, lawfully executed search warrant.

It was a matter of police judgment to say when the time had arrived for the arrest and apprehension of the defendant Alpert. From at least November 8, inculpatory evidence and information were cumulating from a variety of credible sources. I find that the judgment to proceed on the night of November 12 with the arrest was exercised in good faith and reasonably on the basis of adequate information and knowledge of relevant facts and circumstances. The search made on November 12, 1969 was conducted in good faith in order to cope with threatening consequences reasonably to be apprehended as testified by the FBI and not for any other purpose. When the concern which prompted the search was allayed, the search was promptly discontinued. Police action in respect to the apprehension that explosives and explosive devices exist or have been set for detonation, cannot be judged in the calm of later philosophical review of what a phlegmatic analysis shows. Their action is to be considered in the light of practical human behavior in dealing with unknowns. Here the consequences feared had to be considered in the atmosphere of seven terrifying explosions which had recently occurred in the City of New York. *Cf.* United States v. Barone, 2 Cir., 330 F.2d 543, cert. den., 377 U.S. 1004, 84 S.Ct. 1940, 12 L.Ed. 2d 1053 (1964).

The defendant Alpert raises questions in respect of the issuance and the scope of the search warrant of November 14, 1969.

■ It is the rule that the affidavit on which the warrant is issued must show on its face enough to justify the issuance of the warrant. It may not be supplemented by oral testimony of the affiant to the judicial officer. United States v. Birrell, 242 F.Supp. 191, 201 (S.D.N.Y.1965); Tripodi v. Morgenthau, 213 F.Supp. 735, 738 (S.D.N.Y.1962). The Court may consider only the affidavit. United States v. Birrell, *supra* 242 F.Supp. at 201.

■ A general search is impermissible under the Fourth Amendment. The place to be searched and the items to be seized must be described with reasonable particularity. However, absolute precision is not required in the identification of the items to be seized. The question which a Court is required to consider is whether the items were sufficiently described so that an exercise of judgment in respect of the items seized may not be said to have been arbitrary.

The circumstances and grounds which occasioned the application for and issuance of the warrant and the description of the place to be searched and the things to be seized were given here and stated in reasonable detail. The identification of the sources of information used and the reasons for using those sources were given in the affidavit.

The allegations of the affiant were predicated both upon his personal observations and upon information imparted to him by fellow agents whose activities were spelled out.

> The observations of a fellow agent * * * in the course of official duty certainly are as reliable as a source of information and as dependable for grounding belief as the word of a known reliable informer. Conti v. Morgenthau, 232 F.Supp. 1004, 1006 (S.D.N.Y.1964).

On the basis of the record of the hearing the Court is satisfied of the probity of the statements made in the affidavit and finds those statements to be credible and they are credited herein.

The affidavit shows that probable cause existed for the issuance of a warrant for the search conducted at the apartment of the defendant Alpert on November 14, 1969.

 The affidavit sufficiently warranted a man of reasonable caution in believing that an offense had been or was being committed. The affidavit must, of course, be interpreted in accordance with the dictates of common sense and not in a hypertechnical manner. The Commissioner who considers the affidavit may draw reasonable inferences from the wording of the affidavit in the light of his background of experience. It has been tersely said:

> In dealing with probable cause * * as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. * * * Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

One further rule applies. A defendant is not entitled to the return of contraband.

Applying the relevant principles, the defendant is entitled to and the Court orders the return to her of Government Exhibits 24, 26, 36, 36A, 42, 45, 51(a, b, c, d, e, f, g, h, j, l, o, p, q, v, w).

Exhibits 22 and 35 are considered contraband and are *not* to be returned. Exhibits 30 and 46 are passports which were ordered surrendered as part of bail proceedings and are not to be returned. Exhibit 29 is likewise to be retained by the government as a condition of bail to avoid any possibility that it may be inadvertently misused by a person not entitled thereto.

Except as so ordered, the motion of defendant Alpert is, in all respects, denied. The remaining items not specifically referred to above by exhibit number are reasonably within the intendments and identifications in the warrant and bear a reasonable relationship to the purposes of the search.

So ordered.

On Motion for Rehearing

The motion for reargument is granted and on reconsideration the original decision is adhered to.

On a thorough review of the record, I find that no facts were overlooked or legal principles misapprehended.

The facts on which the FBI proceeded and the circumstances prevailing at the time amply justify the procedures employed except as otherwise directed in the determination of January 27, 1970.

So ordered.