798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. EVERETTE, Plaintiff-Appellant,
v.
W.W. KINGSTON; Bobby Sparks, Defendants-Appellees.
 No. 85-3434.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1986.
 
 1
 Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO, District Judge*.
 
 ORDER
 
 2
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the parties' briefs and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed a complaint in the district court alleging that his conviction is the result of an illegal search and seizure. Precisely, plaintiff contends that defendants searched his residence and discovered incriminating evidence pursuant to a defective search warrant. He further contends that he was transported to another county prior to receiving his Miranda Rights and a probable cause hearing.
 
 
 4
 Upon consideration this Court finds that the district court's judgment must be affirmed. The search of plaintiff's residence was based on a valid search warrant. So long as the information submitted to the Court for the issuance of the search warrant was specific as to the informants' reliability, and was supported by the affiant's sworn statement, personal knowledge of the facts by the affiant was not necessary. See Aquilar v. Texas, 378 U.S. 108 (1964); United States v. Dudek, 560 F.2d 1288 (6th Cir.), cert. denied, 434 U.S. 1037 (1977); United States v. Seta, 669 F.2d 400 (6th Cir.1982). The appendix containing facts alleged by the informants was properly incorporated into the affidavit to support a finding of probable cause and the issuance of a search warrant. Ohio Rules of Criminal Procedure, Rule 57(B). Furthermore, it was not necessary for the search warrant to be filed until after its execution. Ohio Rules of Criminal Procedure, Rule 41(E). The challenge to the validity of a search warrant, and the finding of probable cause must consist of more than mere conclusory allegations as presented by plaintiff. See United States v. Jenkins, 728 F.2d 396 (6th Cir.1984); Franks v. Delaware, 438 U.S. 154 (1978).
 
 
 5
 Finally, plaintiff's contentions of a denial of due process and invalid arrests are meritless. Based on incriminating evidence found in his residence during the search, probable cause existed that he had committed the felonious crimes of robbery and drug trafficking. Hence, his initial arrest was valid. Ohio Revised Code Sec. 2935.04. Moreover, it was not necessary that he have an initial judicial hearing prior to his transport to Butler County since a complaint and arrest warrant had issued from Butler County, and Butler County is an adjoining county to Montgomery County where plaintiff was initially arrested.
 
 
 6
 It is ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation