961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth CARTER, Defendant-Appellant.
 No. 91-1509.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Kenneth Carter, appealed his convictions for cocaine possession with intent to distribute and conspiracy to distribute cocaine. The issues are whether: (1) evidence seized from defendant's apartment should have been suppressed; and (2) the evidence was sufficient to sustain the convictions. For the following reasons, we AFFIRM defendant's convictions.
 
 I. FACTS
 
 2
 The following facts are undisputed. United States Magistrate Hooe issued a search warrant for 1605 Collingwood, Apartment 104, Detroit, Michigan. When police officers executed the warrant on March 18, 1987, they discovered the following: (1) defendant was present and in possession of a small amount of cocaine and the apartment's keys; (2) twenty-seven packets of cocaine were in a zipped bag beside a gun in the closet; and (3) a rifle was on the bedroom floor. Subsequently, on October 19, 1987, the following occurred: (1) defendant was waiting in a car outside a home at 19144 Mendotta, Detroit, Michigan; (2) co-defendant Wilson, who was driving, exited the car and entered the home; (3) another co-defendant arrived at the home; (4) co-defendant Wilson exited the home carrying a bag, which he attempted to throw into the car's trunk; (5) the bag fell, and he entered the car; (6) defendant exited the car and deposited the bag into the trunk; and (7) police officers executed a search warrant on 12640 Cloverlawn, Detroit, Michigan, and found defendant and three other persons sitting around a table with cocaine and "cutting devices" on it.
 
 II. PROCEDURE
 
 3
 Defendant[1] was charged with: (1) cocaine possession and distribution conspiracy from about November, 1986, through December, 1987 ("Count I"); (2) cocaine possession with intent to distribute on or about March 18, 1987 ("Count II"); (3) aiding/abetting in cocaine possession with intent to distribute on or about October 19, 1987 ("Count III"); and (4) firearm use during a drug offense on or about March 18, 1987 ("Count IV"). Defendant moved to suppress the evidence seized from the apartment.
 
 
 4
 After a hearing before the magistrate, the district court denied the suppression motion. The jury found defendant guilty on Counts I, II (lesser included offense of simple possession), and III and not guilty on Count IV. Defendant moved the district court for a judgment of acquittal or, in the alternative, a new trial on the same grounds raised in the suppression motion. The district court denied the motion, ruling:
 
 
 5
 While the evidence included no ... statements attributed to defendant, his nonverbal conduct clearly demonstrated his involvement in a conspiracy. The defendant's presence at apartment 104 at the very least demonstrated his safeguarding of the ... narcotics.... The defendant was alone in the apartment with a key to the apartment on his belt. Narcotics and firearms were in plain view. The defendant also had the telephone listed in his name.
 
 
 6
 On October 19, 1987, the defendant assisted Wilson in picking up a large package believed to be cocaine, some of which may have ended up at 12640 Cloverlawn. The defendant assisted Wilson by actually placing the package in the trunk of the car. Later that same day, at 12640 Cloverlawn, the defendant was seated at a table with others where it could be assumed that narcotics were being prepared and distributed....
 
 
 7
 All these circumstances can lead to conclusion beyond a reasonable doubt that defendant was a co-conspirator in an overall drug trafficking scheme....
 
 III. ANALYSIS
 
 8
 A. Legality of the Search.
 
 
 9
 Defendant has the burden of proving "that the evidence was secured by an unlawful search." United States v. Blakeney, 942 F.2d 1001, 1015 (6th Cir.1991), cert. denied, 112 S.Ct. 881 (1992). He contends that the district court erroneously denied his suppression motion for the following reasons: (1) the confidential informant was not sufficiently reliable; (2) the information in the affidavit was "stale"; and (3) the affidavit did not establish probable cause to believe that fruits of criminal acts existed at the apartment. For the following reasons, we uphold the district court's ruling on the suppression motion.
 
 
 10
 First, the magistrate was required "to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit ... including the 'veracity ' and 'basis of knowledge ' of persons supplying hearsay information, there is a fair probability that ... evidence of a crime" would be found in the apartment. Illinois v. Gates, 462 U.S. 213, 238 (1983) (emphasis added). During a three-year investigation, the confidential informant who provided some of the information in the affidavit assisted in obtaining approximately fifty search warrants, which resulted in the seizure of cocaine, heroin, drug money, and firearms. In addition, he personally observed drug trafficking from the apartment and identified defendant as the person who sold cocaine from the apartment. Consequently, the informant was sufficiently reliable.
 
 
 11
 Second, "probable cause is not determined simply by counting the number of days between the facts relied on and the issuance of the warrant." United States v. Shomo, 786 F.2d 981, 984 (10th Cir.1986). Rather, a staleness analysis requires a consideration of all these factors: (1) defendant's course of conduct; (2) the crime's nature and duration; (3) the nature of the relevant evidence; and (4) corroboration of the older and more recent information. See United States v. Henson, 848 F.2d 1374, 1382 (6th Cir.1988), cert. denied, 488 U.S. 1005 (1989); United States v. Word, 806 F.2d 658, 662 (6th Cir.1986), cert. denied, 480 U.S. 922 (1987); Shomo, 786 F.2d at 981. The affidavit described drug trafficking activities at the apartment from June, 1986, through March 15, 1987, only three days before the magistrate issued the warrant. Thus, the information in the affidavit was not stale.
 
 
 12
 Finally, probable cause exists where "the facts and circumstances within [the agents'] knowledge, and of which they had reasonably trustworthy information ... [are] sufficient ... to warrant a man [or woman] of reasonable caution in the belief that" seizable evidence of a crime is within the place to be searched. Brinegar v. United States, 338 U.S. 160, 161 (1949); Carroll v. United States, 267 U.S. 132, 162 (1925); United States v. Seta, 669 F.2d 400, 402 (6th Cir.1982) (common sense controls probable cause determination); see also Gates, 462 U.S. at 238 ("fair probability" standard for magistrates/"sufficient basis" standard for appellate courts). The affidavit supported the magistrate's finding that there was a "fair probability that ... evidence of a crime" would be found in the apartment. Id. at 238; see also United States v. Pelham, 801 F.2d 875, 877-78 (6th Cir.1986), cert. denied, 479 U.S. 1092 (1987) (no de novo review of affidavit on appeal). As the district court "had a 'substantial basis for ... conclud[ing]' that probable cause existed," it properly accorded great deference to and upheld the magistrate's ruling. Gates, 462 U.S. at 238 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)); see Blakeney, 942 F.2d at 1025; United States v. Davidson, 936 F.2d 856, 859 (6th Cir.1991).
 
 
 13
 B. Sufficiency of the Evidence.
 
 
 14
 Defendant contends that, viewing the evidence in the government's favor, no rational trier of fact could have found beyond a reasonable doubt that he conspired to possess cocaine with the intent to distribute it.[2] The jury cannot infer conspiracy involvement from mere presence at conspiracy activities. United States v. Diez, 736 F.2d 840, 842-43 (2d Cir.1984). However, each element of the crime need not be supported by direct evidence. United States v. Townsend, 796 F.2d 158, 161 (6th Cir.1986). "[C]ircumstantial evidence alone can sustain a guilty verdict and ... [it need] not remove every reasonable hypothesis except that of guilt." United States v. Stone, 748 F.2d 361, 362 (6th Cir.1984), coram nobis denied, 895 F.2d 1415 (6th Cir.), cert. denied, 111 S.Ct. 71 (1990). A rational jury could have inferred that defendant occupied the apartment for dispensing or, at a minimum, storing cocaine and concluded beyond a reasonable doubt that his presence at the apartment and with other co-conspirators and drugs at 12640 Cloverlawn indicated his intent to participate and/or aid and abet in a cocaine possession and distribution conspiracy. See United State v. Martin, 920 F.2d 345, 348 (6th Cir.1990), cert. denied, 111 S.Ct. 2038 (1991).
 
 
 15
 For these reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 The grand jury also indicted six co-conspirators, who pled guilty prior to trial
 
 
 [2]
 Defendant also contends that the guilty verdict is "against the great weight of the evidence." However, as this issue was raised in defendant's new trial motion, this court's review is limited to "whether the district court's determination that the evidence does not 'preponderate heavily against the verdict' is a clear and manifest abuse of discretion." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988). We hold that the district court's determination was not "a clear and manifest abuse of discretion."