966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph MINES, Defendant-Appellant.
 No. 91-2180.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 After his motion to suppress evidence was denied, the defendant, Joseph Mines, entered a conditional guilty plea to one count of possession of cocaine base within 1,000 feet of a school with intent to distribute. Exercising the right he preserved by his conditional plea, Mines now appeals and challenges the validity of the search warrant which the district judge upheld. Upon a review of the warrant and its supporting affidavit, we conclude that the warrant was valid and the defendant's conviction should be affirmed.
 
 
 2
 Defendant's attack on the search warrant is premised on his argument that the affidavit supporting the warrant failed to establish probable cause that evidence of a crime would be found at the described premises. Because of the significance of the affidavit to this issue, we set it forth in its entirety:
 
 
 3
 Affiant is a member of the Detroit Police Department, assigned to the Narcotic Division to investigate narcotic trafficking within the city of Detroit.
 
 
 4
 Affiant is working in conjunction with an SOI, who has been utilized by members of # 7 Narcotic Enforcement Unit on at least 30 occasions, resulting in the arrest of at least 30 persons for narcotic realted [sic] offenses, and of which the majority have been convicted in 36th District Court and Detroit Recorder's Court.
 
 
 5
 During the last twenty-four (24) hours, affiant met with the SOI an [sic] planned the controlled purchase of a controlled substance. The SOI was searched for narcotics and money finding none. The SOI was issued secret service funds to purchase a controlled substance. The SOI was observed to go to 3050 Parker and enter. Moments later the SOI and a BM exited 3050 Parker and was observed to go to the rear of 3705 Maxwell. The SOI was observed to stand outside while the BM entered the premises remain a moment or two then exited. The SOI and BM returned to 3050 Parker. The SOI then left the premises and returned directly back to the affiant and handed him an amount of suspected controlled substance. The SOI stated the suspected controlled substance was sold to the SOI by the BM after obtaining it from 3705 Maxwell. The SOI was search [sic] for any additional narcotics and money finding none.
 
 
 6
 The affiant conveyed the suspected controlled substance to the Narcotic Division and placed it into LSF 318337 after it WAS analyzed by P.O. J. Johnson which showed POSITIVE for COCAINE.
 
 
 7
 (App. 44).
 
 
 8
 Our review of the adequacy of search warrant affidavits is informed by a host of Supreme Court decisions. It is clear, for example, that we do not conduct a de novo review of the sufficiency of the affidavit, and that great deference is due a magistrate's determination of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983). We also know that an affidavit need not reflect the direct personal observations of the affiant and may be based on hearsay, so long as the issuing judicial officer is reasonably assured that the informant was credible and his information reliable. United States v. Ventresca, 380 U.S. 102, 108 (1965). The overriding principle of judicial review, however, is that affidavits should be "read in a commonsense way rather than technically." Id. at 109. The logic that drives these standards of review is simply that we want to encourage law enforcement officers to seek warrants and that hypertechnical second guessing is counter-productive. United States v. Seta, 669 F.2d 400, 402 (6th Cir.1982).
 
 
 9
 Defendant's argument that the affidavit was insufficient to establish probable cause can be simply stated: The affidavit did not indicate that the reason why the informant accompanied the seller to 3705 Maxwell was that there were no drugs at 3050 Parker. Defendant further speculates that perhaps the drugs did come from 3050 Parker and the seller just took the informant to 3705 Maxwell to throw him off the track. These arguments miss the mark.
 
 
 10
 The only commonsense reading of the affidavit is that the drug transaction which was initiated at 3050 Parker was consummated at 3705 Maxwell. In fact, the affidavit states as much. Defendant's argument that the seller might have deceived the informant is unavailing. The test of probable cause is not whether everything in the affidavit proves to be true, but whether a police officer and an issuing magistrate would have reasonably relied on the information that was available to them. There is no suggestion here that the officer made any misrepresentations or that the magistrate was guided by any improper motives or acted in other than a neutral and detached manner.
 
 
 11
 We do not conceive of this as a close case, and we conclude that the affidavit clearly established probable cause for the issuance of the warrant and the subsequent search. Since this is our conclusion, we need not consider the government's alternate argument that the good faith exception to the exclusionary rule would apply here in any event. United States v. Leon, 468 U.S. 897 (1984).
 
 
 12
 AFFIRMED.